## REFUSAL TO PUNISH FOR CONTEMPT IN FAILING TO PAY ALIMONY.

Circuit Court of Cuyahoga County.

LULU S. MACKENZIE v. PETER MACKENZIE.

Decided, November 27, 1911.

*Contempt Proceedings—Refusal to Punish Discretionary.*

1. Though judgments in contempt proceedings are reviewable on error, a refusal to punish for contempt is, in general, a matter wholly within the discretion of the court.
2. Such discretion is not abused where the trial court refuses to punish a defendant for failure to pay alimony, the plaintiff herself, having removed a child of the parties beyond the jurisdiction of the court so as to prevent the defendant from visiting it, as allowed by the court.

*P. G. Kassulker*, for plaintiff in error.
*R. E. McKisson*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Though judgments in contempt proceedings are reviewable on error by General Code, 12146, a refusal to punish for contempt is, in general, a matter wholly within the discretion of the trial court. Such a proceeding is *quasi*-criminal, and though jurisdiction therein may be invoked by persons aggrieved, by disobedience of the court's orders, it is primarily for the vindication of the dignity and sovereignty of the state in the exercise of its judicial power, rather than for the redress of private wrongs, that such jurisdiction is exercised. One who is punished for contempt may have his review. But one who unavailingly invokes such punishment for another, can complain only, if at all, of the abuse of the court's discretion in refusing so to

punish.    Here the plaintiff, having taken her child beyond the jurisdiction of the court that had awarded her alimony, and also the custody of said infant, subject, however, to the defendant's right to see and visit it, can not complain of abuse of discretion by said court in refusing to punish the defendant for contempt for discontinuing payment of such alimony.

The judgment is affirmed.