PEOPLES LIBERTY BANK & TRUST CO., APPELLANT, *v.* CORNETT, APPELLEE.

(No. 7124—Decided July 11, 1949.)

*Mr. J. W. Taylor* and *Mr. Cedric Vogel,* for appellant.

*Mr. Jack Speckter, in propria persona.*

HILDEBRANT, J. At a judicial sale on execution, the undivided one-half interest of the defendant in certain real estate was sold at public auction to one Jack Speckter. Such sale was, on motion, regularly confirmed. From the short narrative bill of exceptions it appears the purchaser "admitted that the sheriff in crying the sale stated that only a half-interest was to be sold and at the time he made a bid on the property, he knew that a half-interest was being sold."

The purchaser refused to complete payment on the ground that in the legal advertisement the whole interest was described instead of the one-half interest. On a motion in contempt being filed, the purchaser, at a later term of court, filed a motion to set aside the sale for the reason stated above. On hearing of both motions together, the court set the sale aside and dismissed the motion in contempt. It is from this action of the court, the appeal is here on questions of law.

In 24 Ohio Jurisprudence, 48, Section 63, it is stated:

"The object of a notice of sale is to inform the public of the nature and condition of the property to be sold, and of the time, place, and terms of the sale, and thus to attract bidders and prevent a sacrifice of the property. If these objects are attained, minor errors and mistakes will not affect the sufficiency of the notice."

And on page 95, Section 130, *ibid.*, it is stated:

"The rule of *caveat emptor* applies in all its rigor to purchasers at judicial sales, who must ever be mindful of the rule, as they are, after all, volunteers who are not required to buy, and as the rights of lien holders whose liens were acquired before the commencement of an action, and who are not parties thereto, remain unaffected, the same as if no judicial sale had been made. So that a purchaser at a judicial sale is charged with the duty of ascertaining for himself the character and condition of the property, as the maxim, '*id certum est quod certum reddi potest,*' applies to such purchaser as an obvious corollary to the rule of *caveat emptor*. For failure so to ascertain, and for such neglect the purchaser stands as though he had full knowledge in the premises. And if he does not get a good title it is his misfortune, as, in the absence of fraud, he buys at his own risk as to title. And, *a fortiori*, one who neglects an obvious precaution should abide the consequences."

As to the effect of confirmation of the sale, it is stated in 24 Ohio Jurisprudence, 61, Section 80:

"Furthermore, all irregularities are cured after the sale is made and confirmed. It is said that the final order of confirmation, having the effect of a final conclusive judgment, cures all such irregularities, misconduct, and unfairness in the making of the sale, departures from the provisions of the decree of sale,

and errors in the decree and the proceedings under it * * * „

In view of the foregoing general principles, it would appear that even had the purchaser here been misled as to the quantum of the property being sold by reason of the error in the advertisement, it is doubtful if, even on original motion to confirm, his complaint would have appealed to the discretion of the court. But, certainly, when he admits as he does in this case that he was not misled thereby, how can he be heard to complain of the error in the advertisement upon which he had no right to rely in the first instance.

The court here lost its discretionary power over its judgment of confirmation after term, so that it is doubtful if the mistake in describing the correct quantum of the property in the advertisement of sale can be called such an irregularity in obtaining the judgment as to give effect to the procedure followed here. However, without deciding that point, it appears that the purchaser knowingly made his bid, aware of the advertising error and correctly informed as to the exact quantum being sold, and cannot now invoke the barest technicality to avoid his informed and voluntary action.

The judgment is reversed and the cause remanded, with instructions to order the purchaser to comply with the terms of sale forthwith, or be held in contempt of court.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur in the syllabus, opinion and judgment.