DENOVCHEK, APPELLANT, *v.* BOARD OF TRUMBULL COUNTY COMMISSIONERS, APPELLEE.

[Cite as Denovchek *v.* Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St. 3d 14.]

(No. 87-508—Decided March 23, 1988.)

*Frank R. Bodor,* for appellant.

*Dennis Watkins,* prosecuting attorney, and *Milan Brkich,* for appellee.

H. BROWN, J. The first issue to be decided is whether appellant has a right to appeal the lower court's dismissal of the contempt charge. Since we find that he does not have a right to appeal, we do not reach the other issues raised by the parties.

## I

R.C. 2705.09 gives a right of appeal to a person found to be in contempt of court. It provides:

"The judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal. Appeal proceedings shall not suspend execution of the order or judgment *until the person in contempt files* a bond * * *." (Emphasis added.)

The assumption underlying the statute appears to be that an appeal will be taken only in situations where the court finds a person in contempt. In any event, as it stands written, R.C. 2705.09 does not resolve the right to appeal by a party who moves for contempt charges against a non-party, when the court declines to find contempt.

## II

The trial court appears to have excused Libertine from contempt on the basis that Civ. R. 45(C) does not allow for "constructive" service of a subpoena. The decision we reach does not endorse this reading of the statute. Where a subpoena is left at the business location or place of employment of a witness and where that witness has actual knowledge of the subpoena, a valid service of summons has been completed. Further, we do not approve of Libertine's action in what appeared to be a willful avoidance of service. If Libertine did not violate R.C. 2705.02 (C), he may have violated R.C. 2705.02 (A) by his "resistance to" a "lawful writ, process, order, rule, judgment, or command of a court * * *." However, even if Libertine was in violation of a statute, the trial judge was not required to find him in contempt.

We have defined "contempt of court" as "disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank* v. *Tomaszczyk* (1971), 27 Ohio St. 2d 55, 56 O.O. 2d 31, 271 N.E. 2d 815, paragraph one of the syllabus, followed in *South Euclid Fraternal Order of Police, Lodge 80* v. *D'Amico* (1987), 29 Ohio St. 3d 50, 29 OBR 398, 505 N.E. 2d 268. The power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions. *Hale* v. *State* (1896), 55 Ohio St. 210, 45 N.E. 199; *State, ex rel. Turner,* v. *Albin* (1928), 118 Ohio St. 527, 161 N.E. 792; *State* v. *Local Union 5760* (1961), 172 Ohio St. 75, 15 O.O. 2d 133, 173 N.E. 2d 331; *Harris* v. *Harris* (1979), 58 Ohio St. 2d 303, 307, 12 O.O. 3d 291, 293, 390 N.E. 2d 789, 792; *State, ex rel. Shoop,* v. *Mitrovich* (1983), 4 Ohio St. 3d 220, 4 OBR 575, 448 N.E. 2d 800; *Zakany* v. *Zakany* (1984), 9 Ohio St. 3d 192, 9 OBR 505, 459 N.E. 2d 870; *Bessette* v. *W.B. Conkey Co.* (1904), 194 U.S. 324, 326.

In *Windham Bank, supra,* at paragraph two of the syllabus, we held, "[t]he purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." Therefore, since the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the trial judge. *United States* v. *United Mine Workers of America* (1947), 330 U.S. 258, 303.

### III

This court has held that contempt proceedings are *sui generis, i.e.,* neither civil nor criminal. *Cincinnati* v. *Cincinnati Dist. Council 51* (1973), 35 Ohio St. 2d 197, 201-202, 64 O.O. 2d 129, 132, 299 N.E. 2d 686, 691; *State* v. *Timson* (1974), 38 Ohio St. 2d 122, 67 O.O. 2d 140, 311 N.E. 2d 16; *Brown* v. *Executive 200, Inc.* (1980), 64 Ohio St. 2d 250, 253, 18 O.O. 3d 446, 448, 416 N.E. 2d 610, 612. However, for certain purposes we have found it necessary to classify contempt proceedings as either "civil" or "criminal." See *Brown, supra; State* v. *Kilbane* (1980), 61 Ohio St. 2d 201, 15 O.O. 3d 221, 400 N.E. 2d 386.

The distinction between civil and criminal contempt is based on the character and purpose of the contempt sanctions. *Brown, supra,* at 253, 18 O.O. 3d at 448, 416 N.E. 2d at 613. If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil. *Brown, supra,* at 253, 18 O.O. 3d at 449, 416 N.E. 2d at 613. Often, civil contempt is characterized by conditional sanctions, *i.e.,* the contemnor is imprisoned until he obeys the court order. But, see, *Kilbane, supra.* Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence or

fine. *Brown, supra,* at 253-254, 18 O.O. 3d at 449, 416 N.E. 2d at 613. Its sanctions are punitive in nature, designed to vindicate the authority of the court. See *Brown, supra,* at 254, 18 O.O. 3d at 449, 416 N.E. 2d at 613; *Kilbane, supra.* See, generally, *Gompers* v. *Bucks Stove & Range Co.* (1911), 221 U.S. 418, 441-444.

Most jurisdictions hold that no right of appeal is available following an acquittal on the merits of a criminal contempt charge. See *State, ex rel. Sanborn,* v. *Bissing* (1972), 210 Kan. 389, 502 P. 2d 630; *LeGrand* v. *LeGrand* (La. App. 1984), 455 So. 2d 705; *Wingert* v. *Kieffer* (C.A. 4, 1928), 29 F. 2d 59; *Commonwealth* v. *Reece* (1943), 294 Ky. 251, 171 S.W. 2d 452; *Masonite Corp.* v. *Internatl. Woodworkers of America* (Miss. 1967), 206 So. 2d 171; *Republic Eng. & Mfg. Co.* v. *Moskovitz* (Mo. App. 1965), 393 S.W. 2d 78; Annotation (1969), 24 A.L.R. 3d 650, 656.

Appellant, in this appeal, does not seek a benefit other than that of establishing a principle and seeing Libertine punished. Appellant's underlying action on the merits has run its course and the appellate procedure has been exhausted. Where, as here, no claim of prejudice is made by appellant, the matter of Libertine's contempt has, in the main, a criminal character.

Ohio cases which have allowed an appeal from a dismissal of contempt charges are distinguishable from this case by the existence of prejudice to the party opposing the dismissal and the fact that the motion for contempt is directed at a party to the action. See *State, ex rel. Ventrone,* v. *Birkel* (1981), 65 Ohio St. 2d 10, 19 O.O. 3d 191, 417 N.E. 2d 1249 (class of residents of Summit County eligible to receive poor-relief payments charged certain Summit County officials with failing to establish proper standards of poor-relief payments as required by

previous court orders); *Wellman Eng. Co. v. Calderon Automation, Inc.* (1965), 2 Ohio App. 2d 385, 31 O.O. 2d 591, 209 N.E. 2d 172 (the court at 389, 31 O.O. 2d at 594, 209 N.E. 2d at 175, specifically found this was "a civil contempt proceeding instituted to preserve and enforce the rights of private persons * * *").[2] See, also, *River Cable Co. v. Wilson* (July 1, 1983), Lawrence App. Nos. 1644, 1645, 1646 & 1647, unreported; *In re Schroder's Will* (App. 1950), 62 Ohio Law Abs. 239, 107 N.E. 2d 143; *Peoples Liberty Bank & Trust Co. v. Cornett* (1949), 86 Ohio App. 222, 41 O.O. 93, 90 N.E. 2d 450.[3]

Absent a showing of prejudice to the party making the contempt motion, contempt is essentially a matter between the court and the person who disobeys a court order or interferes with court processes. Therefore, we hold that there is no right of appeal from the dismissal of a contempt motion when the party making the motion is not prejudiced by the dismissal.

Accordingly, the judgment of the appeals court is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

---

[2] Further, in these two cases, the court reviewing the dismissal of contempt charges was the same court which gave the order alleged to have been disobeyed.

[3] A special category of contempt cases, in which appeals have been allowed, are those in domestic relations matters. See *Mackenzie v. Mackenzie* (1911), 17 Ohio C.C. (N.S.) 494, 42 Ohio C.C. 249, affirmed without opinion (1913), 89 Ohio St. 441, 106 N.E. 1067; *Ragsdale v. Ragsdale* (1917), 30 Ohio C.A. 128, 45 Ohio C.C. 376; *Lentz v. Lentz* (1924), 19 Ohio App. 329; *Preston v. Preston* (Nov. 8, 1982), Scioto App. No. 1368, unreported; see, also, *Weaver v.* *Weaver* (1987), 36 Ohio App. 3d 210, 522 N.E. 2d 574; *Drake v. Drake* (Mar. 19, 1985), Montgomery App. No. CA 9114, unreported; *Cochran v. Cochran* (Aug. 12, 1982), Franklin App. No. 82AP-31, unreported; *Rossen v. Rossen* (1964), 2 Ohio App. 2d 381, 31 O.O. 2d 589, 208 N.E. 2d 764. Contra *Poliak v. Poliak* (Oct. 19, 1982), Stark App. No. CA 5885, unreported. In these cases the motion for contempt was directed at a party to the action, not a non-party witness, and, although the opinions are not always clear in this respect, the possibility of prejudice was present.