JOURNAL ENTRY AND OPINION
The appellant/cross-appellee, Todd Tornstrom, d.b.a. American Asphalt Sealcoating, and the appellee/cross-appellant, Tony DeMarco, d.b.a. American Sealcoating, appeal issues relating to the decision of the Cuyahoga County Court of Common Pleas in its order of contempt and in its dismissal of a complaint by the cross-appellant based on the doctrine ofres judicata. For the reasons set forth below, we affirm in part, reverse in part and remand for further proceedings.
The facts of this case begin on September 14, 1998, when the appellant, Todd Tornstrom, filed the action now before this court. Tornstrom's complaint alleged (1) unfair competition, (2) piercing the corporate veil, and (3) willful, intentional, and malicious conduct. Along with the complaint was a motion for a temporary restraining order and preliminary injunction which would preclude the appellee, Tony DeMarco, from using the current name of Tornstrom's company, American Asphalt Sealcoating, or any other similar name, and from using any advertising logos which resemble Tornstrom's, specifically those using the same design and color.
The trial court granted Tornstrom's temporary restraining order until further order of the court and set a hearing date of September 25, 1998 for the preliminary injunction. At the hearing, the parties were able to settle and dismiss the case with prejudice, dissolving the temporary restraining order.
The trial court's order stated:
 — Defendant to refrain from using yellow and black signs within 45 days
 — Neither party will contact or interfere with competitor's customers
 — Plaintiff to design signs, documents and logos to make the word "asphalt" more prominent.
In July of 1999, Tornstrom filed a motion to show cause against DeMarco requesting that DeMarco be found in contempt of the trial court's September 25, 1998 order since he had been contacting and accepting deposits from Tornstrom's customers. Before the hearing, Tornstrom withdrew his motion to show cause and Demarco withdrew his oral motion to show cause.
Subsequently, Tornstrom filed another motion to show cause against Demarco on July 21, 2000. This motion again complained that Demarco was continuing to call and harass Tornstrom's customers and requested a hearing to determine if Demarco should be found in contempt of the trial court's September 25, 1998 order. At the hearing, the trial court heard evidence that (1) Demarco continued to use signs with a yellow background, but changed the color of the writing from black to dark blue, (2) an advertisement was placed in the newspaper incorrectly naming Tony DeMarco as the owner of American Asphalt Sealcoating, (3) Demarco obtained a telephone number with the same local exchange as Tornstrom's already existing business number after the September 25, 1998 order, (4) Demarco continued to contact Tornstrom's customers, and (5) Tornstrom continued to use the word "sealcoating" in his own business name.
The trial court's judgment entry also found that Tornstrom had vandalized some of Demarco's signs and failed to make changes on his own signs to prominently display the word "asphalt" as ordered by the court. The trial court then concluded:
 In accordance with the evidence presented at hearing, this court finds plaintiff and defendant in violation of this Court's Order of September 25, 1998, and finds both parties in contempt. Defendant DeMarco is ordered to pay a fine of $250.00 for each incident and is sentenced to serve five (5) days in jail. Plaintiff Tornstrom is ordered to pay a fine in the amount of $250.00 for each incident.
 The parties may purge themselves of contempt by complying with the following within thirty (30) days of this order: (1) Defendant shall not use orange or yellow colors in any sign or advertisement; (2) Defendant shall discontinue use of its Lake County exchange; and (3) Plaintiff shall not use the word "Sealcoating" in signs or advertisements in Cuyahoga, Lake or Geauga counties. Both parties shall submit evidence to the Court of compliance with this order by March 22, 2001.
A compliance hearing was held on March 22, 2001 where the trial court determined that both parties had failed to purge themselves of the contempt charges. The trial court concluded that both parties were in contempt of court and if they were not in compliance within a few days, they would both be sent to jail.
Both parties appeal the decision of the trial court and assert the following assignments of error:
 I. THE TRIAL COURT'S ORIGINAL CONTEMPT ORDER WAS NON-SPECIFIC, THEREBY PRECLUDING PLAINTIFF FROM COMPLYING.
 II. THE TRIAL COURT DID NOT ALLOW PLAINTIFF THE ELECTION OF PURGING HIMSELF, RATHER IMPOSED THE PURGE ORDER ON PLAINTIFF.
 III. THE TRIAL COURT FAILED TO FOLLOW THE OHIO REVISED CODE 2705.05 WHEN THE COURT HANDED DOWN SANCTIONS FOR THE CONTEMPT ORDER.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING THE TERMS OF THE FINAL SANCTION AS SET FORTH IN THE TRIAL COURT'S ORDER OF MARCH 26, 2001.
Cross-appeal:
 I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION BY OVERRULING APPELLEES MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)(1) (5) WITHOUT MAKING ANY FACTUAL DETERMINATION.
In appellant's first assignment of error, he contends that the trial court failed to specify the term "incident" from the judgment entry order of contempt and that without a specific number of incidents or a clear definition of incident from the trial court, the appellant cannot pay the contempt fines. Appellant's first assignment of error has merit.
This court has already found in In re Contempt of Gilbert (Dec. 16, 1993), Cuyahoga App. No. 64299, unreported, 1993 Ohio App. LEXIS 5999, that "if a contempt order is premised on a party's failure to obey an order of the court, then the order must be clear and definite, unambiguous and not subject to dual interpretations, and the contemner must have knowledge of the order." Id. at 5, citing Ahmed v. Reiss S.S.Co. (1984), 580 F. Supp. 737, affirmed In re Jacques (1984), 761 F.2d 302, cert. denied, Jacques v. Aldrich (1984), 475 U.S. 1044, 106 S.Ct. 1259,89 L.Ed.2d 570. This rationale must also be applied to the actual order of contempt. In order for a party to comply with an order of contempt, they must be able to clearly understand the penalty imposed. In this case, the trial court simply imposed a fine for each "incident," but failed to define the term. There is no definition in the court's order of contempt itself, nor is there any evidence of a definition given at the contempt hearing.
Appellant's first assignment of error has merit. This case should be reversed and remanded for clarification of the contempt order.
In appellant's second assignment of error, he contends that the trial court's order of contempt denies him the election to purge himself of contempt because it orders him to comply with one of the original tenets of the contempt order.
The appellant argues that because the trial court found both parties in contempt for failing to purge themselves of the original contempt order, they have been stripped of their ability to choose either to pay the fine or to purge themselves of the fine. However, the parties were given time to comply with the contempt order, which they argue was ambiguous and therefore left them unable to comply. Yet this issue was never brought to the trial court's attention at the March 22, 2001 compliance hearing. The compliance hearing was set to determine if the parties had decided to purge themselves of the contempt order. Since the parties optioned not to purge, the remaining sentences of contempt were re-imposed accordingly. Therefore, appellant's argument that his ability to elect to purge has been taken away from him is mistaken. When a court allows for the parties to purge themselves of the court's order of contempt, and those parties choose not to, the trial court must reinstate the prior order, which is what the trial court did in this case. Appellant's second assignment of error is therefore without merit.
Appellant's third and fourth assignments of error concern the trial court's order to cease using the term "sealcoating" and whether this was consistent with the guidelines outlined in R.C. 2705.05 or an abuse of discretion which prejudiced the appellant.
A reviewing court will not reverse the trial court's decision in a contempt proceeding unless the trial court's action amounted to an abuse of discretion. Denovchek v. Board of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 16. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Lessin (1993),67 Ohio St.3d 487, 494.
R.C. 2705.05 states:
 (A) In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. If the accused is found guilty, the court may impose any of the following penalties:
 (1) For the first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both;
 (2) For a second offense, a fine of not more than five hundred dollars, a definite term of imprisonment of not more than sixty days in jail, or both;
 (3) For a third or subsequent offense, a fine of not more than one thousand dollars, a definite term of imprisonment of not more than ninety days in jail, or both.
Although R.C. Chapter 2705 provides statutory authority for a trial court's imposition of contempt, "the power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions."Denovchek, supra at 14. Therefore, it has been held that the power to punish for contempt is an inherent power of a court which is not subject to legislative control. Cincinnati v. Cincinnati Dist. Council 51
(1973), 35 Ohio St.2d 197.
In the original complaint and preliminary injunction, the trial court barred the appellee from using the word "American" in the name of his sealcoating business. Later, when the case was settled and dismissed and the preliminary injunction dissolved, that restriction was dropped and the trial court only required the appellant to make the word "asphalt" more prominent.
The trial court's order of contempt and purge order contained the provision that the appellant must cease using the term "sealcoating" in his signs or advertisements in Cuyahoga, Lake or Geauga counties. The court's order extended beyond the reasonable bounds of a contempt order by making the appellant change his company name which could lead to confusion by consumers not knowing the extent of the appellant's services. The term "sealcoating" is an industry custom and delineates a specific type of asphalt service that a company can offer. By ordering the appellant to cease using the term "sealcoating" in its name would only lead to an unreasonable result. Therefore, the trial court abused its discretion in making appellant cease use of the term "sealcoating" in its purge order.
The cross-appellant's sole assignment of error contends that the trial court abused its discretion by overruling his motion for relief from judgment, pursuant to Civ.R. 60(B)(1) and (5), without making any factual findings.
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the court held:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
The cross-appellant argues that the trial court failed to make a factual determination for denying his motion for relief from judgment. However, a trial court is under no duty to render a factual determination where the grounds for relief from judgment do not appear on the record.Lacey v. Lacey (Nov. 2, 1995), Cuyahoga App. No. 68405, unreported, 1995 Ohio App. LEXIS 4842.
In this case, there is no evidence presented on the record that would establish a claim for a proper 60(B) motion. In addition, the docket itself fails to show that the cross-appellant even filed a motion for relief from judgment. Therefore, cross-appellant's sole assignment of error is without merit.
Judgment affirmed in part, reversed in part and remanded.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants and appellees share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND JAMES J. SWEENEY, J., CONCUR.