DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Cheryl L. Lauer, appeals from a judgment entered by the Wood County Common Pleas Court, Domestic Relations Division, denying her motion to set aside an order denying her motion for contempt and motions for pre-trial. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant and appellee, David C. Rinker, were granted a divorced on July 26, 2002. On June 21, 2006, the trial court issued a judgment entry denying a *Page 2 
motion to terminate the shared parenting agreement of the parties. The entry contained an order directing appellee to pay appellant $500 for her attorney fees within 90 days time.
 {¶ 3} On October 10, 2006, appellant filed a motion to cite appellee with contempt for failure to pay the money, as ordered. Appellant requested relief in the form of: (1) an order of contempt against appellee; and (2) an order that he pay reasonable attorney's fees and court costs in the contempt proceeding. Appellee's parents subsequently paid the $500 to appellant on appellee's behalf.
 {¶ 4} On April 4 and April 5, 2007, appellant filed identical motions for pre-trial, the stated basis for which was that "the Plaintiff, since the time of the filing of her motion for contempt, has continued to encounter difficulties with the Defendant failing to comply with this Court's orders."
 {¶ 5} On May 16, 2007, the magistrate issued an order denying appellant's motions for contempt and for pre-trial, stating:
 {¶ 6} "This matter is before the Court upon Defendant's Motion for Contempt and Motion for Pre-Trial.
 {¶ 7} "The Court finds that Plaintiff admitted in her response filed February 22, 2007 that Defendant had paid the money that she was seeking through the original motion. Since there are no further issues pending before the Court, the Court does not find Plaintiffs Motion for a Pre-Trial well-taken.
 {¶ 8} "* * * *Page 3 
 {¶ 9} "IT IS, THEREFORE, THE ORDER of the MAGISTRATE that Plaintiffs Motions shall be denied."[1]
 {¶ 10} On May 29, 2007, appellant filed a motion to set aside the magistrate's order of May 16, 2007. On June 5, 2007, the trial court entered an order denying that motion. It is from the trial court's June 5, 2007 order that appellant now appeals, raising the following assignment of error:
 {¶ 11} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT A HEARING UPON HER MOTION TO CITE THE APPELLEE WITH CONTEMPT, FOR ATTORNEY'S FEES AND COURT COSTS."
 {¶ 12} In her assignment of error, appellant argues that the magistrate erred in dismissing her contempt motion without a hearing, and without addressing "the issues of contempt, attorney's fees, and court costs."
 {¶ 13} "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." Windham Bank v. Tomaszczyk (1971), 27 Ohio St. 2d 55, paragraph two of the syllabus. Because "the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the trial judge." Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 16. In *Page 4 
exercising that discretion, a trial court may decline to make a finding of contempt even when a party has violated a court order. Benfleld v.Benfield (Nov. 7, 2003), 2d Dist. No. 19363, ¶ 9; see, also, Ryncarz v.Ryncarz, 9th Dist. No. 17856.
 {¶ 14} In the instant case, the magistrate, observing that appellant had, in fact, been paid the monies sought through her motion for contempt, declined to make a finding of contempt against appellee. Under the circumstances, where appellant was paid the $500 due under the June 21, 2006 order prior to any opportunity for hearing on the motion for contempt, we cannot say that the magistrate abused her discretion in summarily denying appellant's motions.[2] We likewise find no error in the trial court's denial of appellant's motion to set aside the magistrate's order. For all of the foregoing reasons, appellant's sole assignment of error is found not well-taken.
 {¶ 15} The judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR.
[1] Although the May 16, 2007 order begins by stating that the matter was before the court upon "Defendant's Motion for Contempt and Motion for Pre-Trial," the remainder of the order makes clear that it was appellant's and not appellee's motions that were being decided.
[2] Appellant has failed to cite, and this court's research has failed to reveal, any authority providing that a trial court must hold a hearing before declining to make a finding of contempt. *Page 1