[Cite as *Ferreri v. Ferreri*, 2013-Ohio-4314.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTINA FERRERI, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0006** |
| JACK ANTHONY FERRERI, JR., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2008 DR 390.

Judgment: Affirmed as modified.

*Deborah L. Smith*, Smith Law Firm, 109 North Diamond Street, Mercer, PA 16137, and *Anthony G. Rossi, III,* Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiff-Appellee).

*John H. Chaney, III,* Daniel Daniluk, L.L.C., 1129 Niles-Cortland Road, S.E., Warren, OH 44484 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Jack Anthony Ferreri, Jr., appeals the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling his Motion for Contempt Order, based on plaintiff-appellee, Christina Ferreri's, interference with his visitation rights. The issues before this court are whether a trial court errs by failing to consider a transcript of proceedings before a magistrate where the parties have stipulated to the factual record, and whether a trial court errs by refusing to hold a

party in contempt, where the party refused to allow visitation with a child's grandparents in lieu of scheduled visitation with the child's father. For the following reasons, we affirm the decision of the court below as modified.

{¶2} On October 21, 2010, the Trumbull County Court of Common Pleas, Domestic Relations Division, issued a Decree of Divorce, terminating the marriage between Christina and Jack Ferreri. One child was born as issue of the marriage. With respect to the care and custody of the child, the parties stipulated to a Shared Parenting Plan, which provides in relevant part:

{¶3} Both Mother and Father shall be designed the Residential Parents of the minor child * * * under the Shared Parenting Plan, and each shall be designated the Residential Parent when the child is in the physical possession of the respective parent. The Mother shall be designated Residential Parent for school and medical purposes. The Mother and Father agree that the Mother shall be Residential Parent while she is in the possession of the minor child, and excepting the [specified] times when the Father will be in possession of the minor child. * * * In the event a parent is not available for the pick-up/drop-off to exchange the child for parenting time, a relative known to both parties shall provide transportation.

{¶4} On April 20, 2012, Jack filed a Motion to Show Cause and for Contempt Order. Jack claimed that Christina had denied him parenting time under the Shared Parenting Plan, which provided that he "shall enjoy parenting time with the child each Tuesday at 5:00 p.m. through the following Wednesday, at which time the Father shall

2

return the child to the Mother at 8:15 p.m." According to the Motion to Show Cause, Christina denied Jack parenting time commencing on the following Tuesdays: January 31, 2012; February 28, 2012; March 6, 2012; and March 27, 2012.

{¶5} On October 30, 2012, an evidentiary hearing was held before a magistrate of the domestic relations court.

{¶6} On December 5, 2012, the following Magistrate's Decision was issued:

{¶7} The parties agree & stipulate that Defendant did not receive parenting time on the 4 occasions which he alleged in his Contempt Motion. They further agree & stipulate that Defendant was out of the State on each of the said 4 occasions and that he was unable to exercise his parenting time.

{¶8} Deft argues that since the [Shared Parenting] Plan provides that a 3rd party may pick-up and drop off the child for companionship purposes, that party (paternal grandparents) has the right to companionship with the child even when the Deft is not available.

{¶9} Plt argues that the shared parenting plan does not provide for 3rd party companionship to be exercised when the Deft-father is out of state & unavailable to exercise companionship. Therefore, [the plaintiff] cannot be found in contempt for allegedly violating the Shared Parenting Plan.

{¶10} On the same date, the domestic relations court approved the Magistrate's Decision and denied Jack's Motion for Contempt: "The parties['] shared parenting plan specifically provides Defendant/Father with liberal times when he can visit his child.

3

Those times cannot be transferred to a third (3rd) party when Defendant is out of town without an agreement of the parties or Court Order."

{¶11} On December 18, 2012, Jack filed Objections to the Magistrate's Decision. Jack raised two arguments. The first was that, under the Parenting Plan, "each [party] shall be designated the Residential Parent when the child is in the physical possession of the respective parent." Jack asserted that, as a residential parent, he could direct who has possession of the child during his parenting time. The second argument was that the magistrate "failed to acknowledge the fact that Plaintiff denied Defendant's parenting time without even knowing for sure whether Defendant would be present."

{¶12} On December 26, 2012, the domestic relations court issued a Judgment Order, stating that (1) "[t]he Objections are overruled on the Merits," and (2) "the objecting party has failed to file the transcript or affidavit with the court within thirty (30) days after filing objections." The court also reiterated its prior ruling that Jack's parenting time could not be transferred to a third party if he is unavailable to take possession of the child.

{¶13} On January 15, 2013, the domestic relations court issued an Amended Judgment Order, correcting the date of the Magistrate's Decision which was misstated in the December 26 Order.

{¶14} On January 17, 2013, Jack filed a Notice of Filing Transcript, stating that the transcript of the October 30, 2012 hearing before the magistrate is timely filed, "as it is being made on January 17, 2013."

{¶15} On January 18, 2013, the transcript of the October 30, 2012 hearing before the magistrate was filed in the domestic relations court.

4

{¶16} On January 25, 2013, Jack filed a Notice of Appeal. On appeal, Jack raises the following assignments of error:

{¶17} "[1.] The trial court erred to the prejudice of Appellant by denying his Objections to the Magistrate's Decision based upon the alleged failure of Appellant to file timely a transcript of proceedings, when such transcript was filed in a timely manner and was available for review by the trial court."

{¶18} "[2.] The trial court erred to the prejudice of Appellant by failing to acknowledge his parental rights and refusing to find Appellee in contempt, where Appellee willfully and intentionally denied physical possession and parenting time to Appellant."

{¶19} Decisions in contempt proceedings are within a court's discretion and will not be reversed by a reviewing court absent an abuse of that discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981); *Denovchek v. Bd. of Commrs. of Trumbull Cty.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988) ("since the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the trial judge").

{¶20} In the first assignment of error, Jack argues the domestic relations court erred by ruling on his objections before the thirty-day period for filing the transcript in support of his objections had lapsed and by basing its ruling on the failure to file timely objections. We find no reversible error.

**{¶21}** The Civil Rules provide that objections to a magistrate's factual findings "shall be supported by a transcript of all the evidence submitted to the magistrate * * * within thirty days after filing objections." Civ.R. 53(D)(3)(b)(iii).

**{¶22}** In the present case, the only factual findings made at the hearing on Jack's Motion for Contempt were the two stipulations agreed to by the parties, i.e., that on four occasions Christina did not allow Jack parenting time and that, on each of these occasions, Jack was not present in Ohio. Beyond these stipulated facts, no evidence or testimony was presented at the hearing. The hearing transcript consists solely of the stipulated facts and argument by counsel.

**{¶23}** In his Objections, Jack argued that the magistrate failed to consider Christina's uncertainty as to whether Jack was available to exercise his parenting time. However, this was not a factual finding of the magistrate and, as indicated, no testimony was received on this (or any other) issue.

**{¶24}** Since the magistrate made no factual findings, a transcript of the evidence was not necessary for the domestic relations court to rule on Jack's Objections.

**{¶25}** Jack argues that the domestic relations court improperly overruled the Objections based on his failure to timely file a transcript. Jack misrepresents the court's Order, which unequivocally stated that the "Objections are overruled on the Merits," and further explained that, under the Shared Parenting Plan, parenting time could not be exercised by a third party without the parties' agreement or a court order. This decision is fully supported by the stipulated facts and the terms of the Shared Parenting Plan.

**{¶26}** Jack is also incorrect that the transcript was timely filed. Although a Notice of Filing was filed on January 17, 2013, the transcript itself is time-stamped

6

January 18, 2013, which is outside the thirty-day period provided by Civil Rule 53. The filing date of January 18, 2013, is further corroborated by the domestic relations court's docket.

{¶27} Although the trial court overruled Jack's Objections prior to the expiration of the thirty-day period and prematurely noted that the transcript was not timely filed, these errors did not prejudice Jack and do not constitute grounds for reversing the court's decision.

{¶28} The first assignment of error is without merit.

{¶29} In the second assignment of error, Jack argues that the terms of the Shared Parenting Plan provide that he "will have possession of the minor child" each Tuesday and that Christina willfully denied him such parenting time on four occasions. Jack further argues that, as the residential parent during his parenting time, he "is responsible for making parenting decisions * * * regarding who will spend time with the minor child when and if [he] is unavailable for any reason." Thus, the domestic relations court was obligated to hold Christina in contempt. We agree.

{¶30} Under Ohio law, "'shared parenting' means that the parents share, in the manner set forth in the plan for shared parenting * * *, all or some of the aspects of physical and legal care of their children." R.C. 3109.04(K). "[I]f an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, both parents have 'custody of the child' or 'care, custody, and control of the child' under the order, to the extent and in the manner specified in the order." R.C. 3109.04(L)(5).

**{¶31}** The Shared Parenting Plan provides that Christina and Jack "share parental responsibility and shall retain full parental rights and responsibilities with respect to the minor child":

**{¶32}** Flexibility in child-care responsibilities and involvement are to be encouraged and the terms of this plan are to be liberally interpreted to allow the child the maximum benefit to be derived from the love, concern, and care of both parents. * * * [E]ach [parent] shall be designated the Residential Parent when the child is in the physical possession of the respective parent. * * * The Father shall * * * enjoy parenting time with the child each Tuesday at 5:00 p.m. through the following Wednesday, at which time the Father shall return the child to the Mother at 8:15 a.m. * * * In the event a parent is not available for the pick-up/drop-off to exchange the child for parenting time, a relative known to both parties shall provide transportation.

**{¶33}** In the present case, the domestic relations court interpreted the Shared Parenting Plan in a manner contrary to Ohio law and the terms of the Plan. According to the Revised Code and the Shared Parenting Plan, Jack retains full parental rights regardless of whether the minor child is in his physical possession. That includes the right to entrust the temporary custody of the minor child to third parties, such as, in the present case, the paternal grandparents. There is no difference between this situation and the situation where the minor child attends school or spends the night at a friend's house during one of the parties' parenting time. Jack's right to exercise his parenting

8

time as he determines best does not depend upon his physical possession of the child. Rather, it is expressly conferred by the terms of the Shared Parenting Plan itself.

{¶34} The domestic relations court and Christina would deny Jack parenting time when he is not physically present to take possession of the child. This position has no foundation in the Shared Parenting Plan. The Plan provides that Jack is designated residential parent when he has physical possession of the child and that a third-party may take possession when a parent is not available. Possession is commonly understood as the "right under which one may exercise control over something." *Black's Law Dictionary* 1201 (8th Ed.2004); *see Bechara v. Essad*, 7th Dist. Mahoning No. 03 MA 34, 2004-Ohio-3042, ¶ 76-77 (the situation could not be explained "any better" than by stating: "when either party exercises parenting time, that parent is free to determine the third party child care for the child"). By providing for his parents to exercise his parenting time, this is exactly what Jack was seeking to accomplish. To hold that each parent has to have physical possession to exercise parenting time would mean that a court order would be necessary every time the child was away for such activities as camp or a sleepover.

{¶35} Finally, the domestic relations court's interpretation of the Shared Parenting Plan encourages parents to attempt to manipulate the situation, rather than foster flexibility and cooperation between parents, i.e., "the maximum benefit to be derived from the love, concern, and care of both parents." This is inconsistent with the purpose of a Shared Parenting Plan as it relates to the best interest of the child, given that a factor to be considered in adopting such a plan is "[t]he ability of the parents to cooperate and make decisions jointly, with respect to the children." R.C.

9

3109.04(F)(2)(a). In the present case, Christina was aware that Jack was not present in Ohio to directly exercise his parenting time. Rather than seeking to accommodate Jack's situation, Christina completely denied him parenting time. Such behavior provides a parent in Jack's situation no incentive to be forthcoming or open about the way in which he or she intends to exercise his or her parenting time.

{¶36} Although we find that the domestic relations court erred in interpreting the Shared Parenting Plan to allow Christina to deny Jack parenting time, the court was nevertheless within its discretion to not to find her in contempt. "[T]he primary purpose of contempt proceedings is to preserve the authority and proper functioning of the court." *Tippie v. Patnik*, 11th Dist. Geauga No. 2005-G-2665, 2006-Ohio-6532, ¶ 32. In the present case, Christina's conduct was consistent with the lower court's erroneous interpretation of the Shared Parenting Plan and did not undermine the court's authority. Moreover, until challenged, there was no occasion to interpret the Shared Parenting Plan on this issue.

{¶37} The second assignment of error is without merit.

{¶38} For the foregoing reasons, the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling Jack's Motion for Contempt, is modified to allow either parent to transfer custody of the minor child to a third-party when that parent is out of town. In all other respects, the judgment of the lower court is affirmed. Costs to be taxed against the parties equally.

THOMAS R. WRIGHT, J., concurs,

CYNTHIA WESTCOTT RICE, J., concurs in part, dissents in part, with a Concurring/Dissenting Opinion.

10

_____

CYNTHIA WESTCOTT RICE, J., concurs in part, dissents in part, with a Concurring/Dissenting Opinion.

{¶39} While I agree with the majority that the two assignments of error lack merit and the trial court did not err in overruling Appellant's Motion for Contempt, I find the majority's proposed modification of the trial court's order improper. I therefore respectfully concur in part and dissent in part from the majority opinion.

{¶40} The majority's conclusion that the trial court erred in interpreting the Shared Parenting Plan is a substitution of its interpretation for that of the trial court. The decision to modify the Trumbull County Domestic Court's entry overruling appellant's Motion for Contempt is a usurpation of the trial court's authority. The proposed modification is a modification of the Shared Parenting Plan, not the contempt decision.

{¶41} We review contempt decisions under an abuse of discretion standard. _Hague v. Hague_, 11th Dist. Ashtabula No. 2008-A-0069, 2009-Ohio-6509, ¶23. The Shared Parenting Plan at issue did not specifically provide for the transfer of parenting time to a third party when the parent entitled to the parenting time was unavailable. Both parties stipulated that appellant was unavailable. The trial court was acting within its discretion in denying appellant's motion for contempt under the facts before it.

{¶42} As the Shared Parenting Plan at issue did not have a right of first refusal for additional parenting time if the other party is unavailable, the trial court's conclusion that appellant's parenting time could not be transferred to a third party when appellant is out of town on business was essentially an award of additional parenting time to

11

appellee. *Cavagnaro v. Cavagnaro*, 12th Dist. Warren No. CA2012-02-012, 2012-Ohio-4024. The majority finds the trial court erred in reaching its decision on the contempt by improperly granting appellee additional parenting time. I believe this issue is outside the scope of the contempt motion. It is another matter for the trial court to decide, but it is not an issue before this court under the current appeal.

{¶43} When ordering a modification of parenting time, the court must consider the enumerated factors in R.C. 3109.051(D), which include any other factor in the child's best interest. R.C. 3109.051(D)(16). An appellate court is not in a position to analyze these factors, and it is an abuse of our authority to modify a contempt decision to interpret and modify a Shared Parenting Plan. Therefore, I respectfully dissent as to the proposed modification.