[Cite as *State v. Smith*, 2019-Ohio-3225.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                               :

    Appellee,                            :          CASE NO. CA2018-11-225

                                 :          O P I N I O N
  - vs -                                      8/12/2019

                                 :

MICHELLE C. SMITH,                          :

    Appellant.                           :


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 18CRB03232


Neal D. Schuett, City of Hamilton Prosecuting Attorney, 345 High Street, Hamilton, Ohio 45011, for appellee

Engel & Martin, LLC, Mary K. Martin, 4660 Duke Drive, Suite 101, Mason, Ohio 45040, for appellant


      **PIPER, J.**

      **{¶ 1}** Appellant, Michelle Smith, appeals a decision of the Hamilton Municipal Court finding her in contempt.

      **{¶ 2}** Smith used her cell phone to record proceedings in the Hamilton Municipal Court, which is a violation of the court's local rules. The court found Smith in contempt after she pled no contest, and ordered her to serve four days in jail. The court also imposed a fine and two years of nonreporting community control. Smith now appeals the municipal court's

decision, raising the following assignments of error.

**{¶ 3}** Assignment of Error No. 1:

**{¶ 4}** APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED AND THUS HER PLEA WAS UNCONSTITUTIONAL.

**{¶ 5}** Smith argues in her first assignment of error that her plea was invalid.

**{¶ 6}** According to Crim.R. 11(E), "in misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty."

**{¶ 7}** Before Smith pled no contest, the municipal court explained the effect of her plea. "Ms. Smith, if you plead No Contest that means you're admitting the facts that is [sic] set forth in the complaint. A lot of times when people plead No Contest[,] you know, they are found to be Guilty. Do you understand that?" The court then went forward to address the facts and that Smith used her cell phone during court proceedings, which was a violation of Loc.R. 23. The court then continued, "One video on the phone. If you plead No Contest you would be admitting those facts. Did you understand that?" Smith answered that she did understand and did not object to the facts as read or to the municipal court's explanation of the effect of her plea.

**{¶ 8}** The municipal court went on to explain the sentence it would impose, including four days in jail, a fine, and two years of nonreporting community control. Smith indicated that she understood the punishment she would receive upon her plea. Smith further confirmed that she wished to move forward with her plea after the court asked if she wanted to "go ahead today" with the plea.

**{¶ 9}** The record indicates that the municipal court complied fully with Crim.R. 11(E) by explaining the effect of Smith's no contest plea. As such, Smith's first assignment of error

is overruled.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT.

{¶ 12} Smith argues in her second assignment of error that the trial court erred in finding her in contempt.

{¶ 13} Smith was charged with indirect contempt according to R.C. 2705.02 for disobedience of a court rule. The municipal court's Loc.R. 23, provides that "the use of any cell phone, computer, electronic devices or other personal communication device is prohibited in the Courtroom * * *."

{¶ 14} "Because the purpose of contempt proceedings is to uphold the dignity and authority of the courts, great deference is given to the judgment of the trial judge." *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15 (1988). Accordingly, the determination of what constitutes contempt of court is within the sound discretion of the trial court, and will not be reversed absent an abuse of the court's discretion. *Id.* Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226.

{¶ 15} According to the record, specifically Smith's admission to the facts, she used her cell phone to videotape proceedings in the municipal court. As such, there is no doubt that she violated Loc.R. 23 and the court did not abuse its discretion by finding Smith in contempt. As such, Smith's second assignment of error is overruled.

{¶ 16} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.