[Cite as *Crumpler v. Crumpler*, 2021-Ohio-4622.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| JEFFREY CRUMPLER | C.A. No.     21CA0015-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STACEY CRUMPLER | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     21 DR 0013 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2021

HENSAL, Presiding Judge.

{¶1}     Stacey Crumpler ("Wife") appeals a judgment entry of the Medina County Court of Common Pleas, Domestic Relations Division, that denied her motion for contempt.  For the following reasons, this Court dismisses the appeal.

I.

{¶2}     Jeffrey Crumpler ("Husband") filed a complaint for divorce against Wife.  He also filed a UCCJEA Parenting Proceeding Affidavit, which he later amended.  A couple of days after Husband filed his amended affidavit, Wife moved for Husband's attorney to be held in contempt, alleging that the affidavit was fraudulent.  Specifically, Wife alleged that the affidavit did not disclose a prior custody proceeding involving the parties' children or that a civil protection order existed against Husband.  She alleged that Husband's attorney knew about the other matters because he had represented Husband in them.  Husband responded to the allegations, asserting that a clerical mistake caused the omissions and that they were not an

intentional misrepresentation to the Court. Husband also submitted a second amended UCCJEA Parenting Proceeding Affidavit that corrected the errors. Without holding a hearing, the trial court denied the motion for contempt because Husband's attorney was "not a party to th[e] case." Wife has appealed, assigning as error that the trial court incorrectly denied her motion for contempt.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED WIFE'S MOTION TO HOLD ATTORNEY MATTHEW A. MISHAK IN CONTEMPT OF COURT PURSUANT TO ORC §2705.05 WHEN ATTORNEY MISHAK FILED HIS CLIENT'S FALSE AFFIDAVIT WITH THE TRIAL COURT, WHEN HE KNEW OR SHOULD HAVE KNOWN THAT THE AFFIDAVIT WAS FALSE.

{¶3} Wife argues that the trial court exercised improper discretion when it denied her motion for contempt against Husband's attorney under Revised Code Section 2705.02. That section provides in part that "[a] person guilty of any of the following acts may be punished as for a contempt: (A) [d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[ or] (B) [m]isbehavior of an officer of the court in the performance of official duties, or in official transactions[.]"

{¶4} Wife notes that Ohio Revised Code Section 2705.09 affords appellate review of contempt orders. That Section provides in part that "[t]he judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal." The Ohio Supreme Court has explained, however, that there is an "assumption underlying the statute * * * that an appeal will be taken only in situations where the court finds a person in contempt." *Denovchek v. Board of Trumbull County Com'rs*, 36 Ohio St.3d 14, 15 (1988). It has also explained that "contempt is essentially a matter between the court and the person who disobeys a court order or interferes

with court processes." *Id*. at 17. Accordingly, "[t]here is no right of appeal from the dismissal of a contempt motion when the party making the motion is not prejudiced by the dismissal." *Id*. at syllabus. In her appellate brief, Wife has not identified any prejudice that she has suffered from the denial of her motion for contempt, especially now that Husband has filed a second amended affidavit that included the cases it previously omitted.

{¶5} We also note that a final judgment has not been entered by the trial court in the underlying case. In *State ex rel. Hillman v. Holbrook*, 127 Ohio St.3d 1529, 2011-Ohio-376, the Ohio Supreme Court dismissed an appeal from a motion for contempt because the "order was made against a non-party in a case in which a final judgment had not yet been entered" and the appellant could "raise his claims in an appeal from the final judgment[.]" *Id*. The Supreme Court concluded, therefore, that the order appealed from was not a final, appealable order under Sections 2505.02 and 2505.03. *Id*.

{¶6} Consistent with *Holbrook*, we conclude that the trial court's judgment entry denying Wife's motion for contempt is not a final, appealable order. This Court, therefore, does not have jurisdiction over the appeal. In addition, because Wife has not shown that she was prejudiced by the denial of the motion, she does not have a right to appeal the trial court's decision. Wife's appeal is dismissed.

III.

{¶7} This Court does not have jurisdiction to consider the appeal under Sections 2505.02 and 2505.03 and Wife has not shown that she has the right to appeal the trial court's decision under Section 2705.09. The appeal is dismissed.

Appeal dismissed.

---

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAMES V. BARILLA, Attorney at Law, for Appellant.

MATTHEW A. MISHAK, Attorney at Law, for Appellee.