[Cite as *Champaign Cty. Court of Common Pleas v. Fansler*, 2016-Ohio-228.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| CHAMPAIGN COUNTY | : | |
| COURT OF COMMON PLEAS | : | |
| | : | Appellate Case No. 2015-CA-4 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-MS-15 |
| v. | : | |
| | : | (Civil Appeal from |
| JEANINE R. FANSLER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of January, 2016.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, by JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
  Attorneys for Plaintiff-Appellee

STEVEN R. FANSLER, Atty. Reg. No. 0000644, 212 North Detroit Street, Post Office Box 764, West Liberty, Ohio 43357-0764
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Jeanine Fansler appeals from an order finding her in contempt for disobeying

court orders. We affirm.

## I. Background

{¶ 2} Fansler worked as a court reporter for the Champaign County Court of Common Pleas for around 15 years. Fansler, like all court reporters in Champaign County, was paid a certain amount to record proceedings in cases. The recording was done with handwritten notes or electronically or both. If a transcript of a proceeding was later requested, Fansler was paid on a per-page basis to transcribe her notes and electronic recording of the proceeding. The page rate varied depending on the type of case. In September 2012, while Fansler was working for Judge Wilson, the administrative judge of the court's general division, the page rate in a criminal case with an indigent defendant was raised from $4.80 to $8 per page.

*Fansler and Judge Selvaggio*

{¶ 3} Judge Wilson retired at the end of 2012, and Judge Nick Selvaggio replaced him on January 1, 2013. Fansler began working for Judge Selvaggio and the court on a contract basis. She completed an "OPERS Independent Contractor Acknowledgement" form in February 2013, which the county auditor required before she could be paid for recording proceedings. Judge Selvaggio terminated Fansler's contract on July 24, 2013. When she left, Fansler took from the court offices all her notes and all the electronic recordings of all the actions that she had recorded for the court over the past 15 years. On July 26, 2013, Judge Selvaggio informed Fansler that the court had obtained for her the "OPERS Independent Contractor/Worker Acknowledgement" form that he said she had to complete before she could receive payment for her transcription services.

{¶ 4} After Fansler left, Judge Selvaggio, and the Champaign County Common

Pleas Court, lowered the page rate for transcripts. Under the new policy, for all transcripts requested after August 13, 2013, court reporters are paid $4 per page in criminal cases with an indigent defendant and $5.25 per page in criminal cases with a non-indigent defendant and in civil cases.

{¶ 5} On September 2, 2013, Steven Fansler, Fansler's husband and her attorney, wrote to the Champaign County Auditor demanding payment for transcription services that Fansler had already performed. The auditor had not paid Fansler because she had not filed the OPERS form for those transcription services.

*Judge Selvaggio's orders*

{¶ 6} Fansler had recorded two hearings in 2010 in the case of *Pasko v. Cheney*. After she left the court in 2013, the parties in the case agreed to let the magistrate decide the outstanding issues based on the testimony and exhibits presented to the court during the two hearings. The magistrate issued a journal entry stating that the court "will have transcripts of those proceedings and costs would not be assessed to the parties." On August 15, 2013, Fansler was notified about the magistrate's request and was told about the new reduced page rate for transcriptions. November came and Fansler had not responded, nor had she produced the transcripts requested by the court. On November 21, Fansler's husband delivered a letter to the court from Fansler saying in part:

> I am happy to provide a transcript. It was my belief that the last several months that I was at the court I was in a capacity more akin to that of an employee than an independent contractor. However, at the time the Court's page rate was $8.00 per page. The Court has not notified me of any change of that page rate.

Without question I now am an independent contractor. The page rate set by the Court at the time I last worked for the Court matches the charge that I have as a page rate now as an independent contractor. Accordingly, I will be happy to provide this transcript at a page rate of $8.00 per page.

In my work as an independent court reporter, I have taken the position that if any clients in the past have been slow with pay or have not paid my bills in what I determine to be a timely fashion, then I will only do additional work upon having money submitted in advance of the work. I have scoped my work and believe that there will be approximately 40 pages of transcript. At a page rate of $8.00 per page, that will be a fee of $320.00. Upon receipt of $320.00, I will have the transcript to you within ten business days. Please send me some official notification from the Court as well that this is being requested by the Court.

*Decision and Order*, 4-5 (Dec. 18, 2014). In response, on December 4, 2013, Judge Selvaggio entered an order directing Fansler to make a transcript of one of the *Pasko* hearings. The order states that the court, not Fansler, has the authority, given by statute, to set the compensation for making transcripts, which the court had set at $5.25 per page in civil cases. Fansler finally produced the transcripts in April 2014. But she did so only because the plaintiff's attorney finally paid her up front the amount she wanted, despite the court having ordered that the parties would not bear the cost. The attorney said that he finally paid Fansler himself because his clients had become very frustrated with him.

**{¶ 7}** Fansler had also recorded proceedings in the case of *State v. Cook*. In December 2013, she was notified that defense counsel had requested transcripts in the case for an appeal. Fansler never responded. Sometime in February 2014, Judge Selvaggio was told by the current court reporter that Fansler had said in emails that she could not produce the requested transcripts and would not do them for $4 a page. On February 21, 2014, defense counsel moved this Court for an extension of time in which to file the appellant's brief because of a problem getting transcripts from the court reporter. Granting the motion, we noted that if there is non-compliance with a trial court order, counsel could ask the trial court to invoke its contempt powers to compel preparation of the transcripts. We also noted that the defendant's prison time expired on August 10, 2014, so the transcript issue needed to be resolved quickly for an effective appeal. We suggested that counsel determine whether the court reporter's notes had been preserved under R.C. 2301.01 and, if so, whether another reporter could make transcripts from the notes.

**{¶ 8}** On March 20, 2014, on defense counsel's motion to compel, Judge Selvaggio entered an order directing Fansler to produce the requested appellate transcripts, noting that it did not have her notes or the electronic recordings. The judge also ordered her to return all her notes and the electronic recordings from all the criminal and civil actions that she had recorded in the court as a court reporter. He gave Fansler until March 31, 2014, to return the materials to the court. The order was emailed to Fansler. She responded by email the same day saying that she had been in California

since January 2014 and did not have the equipment necessary to make transcripts. Fansler also said that the court had her paper notes of proceedings held before September 2010. “Furthermore,” Fansler said,

> I have not been paid for previous transcripts prepared since March of 2013. The Champaign County Auditor at the direction of Prosecutor Jane Napier refuse to do so because I won’t sign a PERS form stating I was a contract employee when everyone I. [sic] The courthouse knows my role changed as soon as Mr. Selvaggio took the bench.
>
> In conclusion, I don’t have my paper notes. I will not transcribe my paper notes at the new rate Mr. Selvaggio set after my departure.
>
> I will not do any more transcripts period until I am paid for all previous transcripts transcribed and filed until U [sic] am paid in full at the date that was set during my tenure at $8.00 a page.
>
> I am still in California and am not planning to return any time soon due to new developments here.

*Plaintiff’s Exhibit 15*.

**{¶ 9}** In response, on March 21, 2014, Judge Selvaggio entered another order. The judge rejected her demand for $8 per page and again ordered her to produce the *Cook* transcripts. The judge noted that the court reporter had found Fansler’s paper notes for the 2008 hearing, but they were illegible. And no paper notes for the 2013 hearing were found. Judge Selvaggio ordered Fansler to send the computer disk containing the *Cook* hearings to the court. This order was emailed to Fansler. She responded by email the same day:

The notes can be mailed to Belinda Wolford, RPR, Logan County Common Pleas Court.

I will forward her my notes from my discs from these hearings to produce transcripts.

I don't have the equipment I need out here to file transcripts, ie, machine to rewrite notes, binders, transcript covers.

I cannot send the court my discs because I have other work product on them from depositions, etc.

Belinda Wolford is a Registered Professional Reporter. Champaign County will need to pay her directly.

As for the notes being faded, that does happen sometimes when they sit in boxes for years. Floppy discs can also go bad over a period of time.

As for some of the statements made in the journal entry, again not completely accurate.

So to be clear, Belinda will transcribe my transcripts and I cannot forward my discs to the court.

*Plaintiff's Exhibit 19.* That evening, Fansler sent an email with some of her notes from the 2013 *Cook* hearing. In the email she says that her husband "will drop all of my floppy discs off at the court Monday. It's not the SD discs just the floppy discs. Since you can't read the notes, you will have the discs to transcribe and that's what the court ordered me to do." *Plaintiff's Exhibit 20.* Fansler also says that "[r]egarding any other transcripts, Belinda Wolford will prepare them for me." *Id.*

**{¶ 10}** The next day, March 22, Fansler sent an email with the rest of her notes for the 2013 *Cook* hearing. She said again that she was in California, that she did not have the necessary equipment to complete the transcripts, and that her husband would bring the disks that she had at home to the court so that another court reporter could complete the transcripts. Fansler also said that she had her SD cards, so if transcripts were ordered in other cases, she could forward her notes to another court reporter. Belinda Wolford, Fansler said, would do any transcripts that were requested in hearings that she recorded. Fansler ended her email by saying, "Since I am still not receiving payment for transcripts that I did a year ago, I will not do any transcripts for this court." *Id.*

**{¶ 11}** The defendant in *State v. Ward* was also having trouble getting transcripts from Fansler. Consequently, on March 24, 2014, Judge Selvaggio entered an order directing Fansler to send the electronic recordings of several hearings in the case. The judge noted that in March 2014 the court reporter had sent Fansler several text messages about the defendant's request for transcripts, but Fansler had never responded. Judge Selvaggio noted the difficulties that parties in several different cases had in getting transcripts from Fansler. The judge said that he had reached the limit of his patience with her and that by ignoring his orders the appellate review of criminal cases with incarcerated defendants and of the relief sought in civil actions was inhibited. He reiterated his order that she return all her notes and all the electronic recordings in her possession of proceedings in the Champaign County Court of Common Pleas by March 31, 2014. Judge Selvaggio clarified that this order included all electronic medium, including "SD discs," "SD cards," or any similar medium.

{¶ 12} When Fansler did not return the material by the deadline, Judge Selvaggio, on April 7, 2014, filed a "complaint" against her asking the court to find her in criminal or civil contempt for failing to comply with his orders. Judge Selvaggio recused himself from hearing the matter, and a visiting judge was appointed. After a contempt hearing at which Judge Selvaggio, Fansler, and others testified, the visiting judge issued a written decision finding Fansler in contempt. The judge found beyond a reasonable doubt that Fansler failed to file the transcripts in the *Pasko* case in a timely manner and that she failed to produce any notes or recordings as ordered. And the judge found Fansler in civil contempt for removing her notes and the electronic recordings from the court house.

{¶ 13} Fansler appealed.

## II. Analysis

{¶ 14} Fansler assigns four errors to the trial court. The first assignment of error challenges the contempt complaint based on the fact that she was not properly served with any of the orders that she is accused of disobeying. The second assignment of error challenges the complaint based on the fact that the Champaign County Common Pleas Court is named as the plaintiff. The third assignment of error challenges the complaint based on the fact that Judge Selvaggio signed it as the representative of the common pleas court. The fourth assignment of error challenges the contempt findings themselves.

### A. Notice of the orders

{¶ 15} The first assignment of error alleges that the contempt complaint was inappropriate and premature because none of the orders that Fansler is accused of

disobeying were properly served on her. Fansler contends that in order to find her in contempt the orders must have been served on her under Civ.R. 4.1. When actual knowledge of, and actual receipt of, the orders is undisputed, we disagree.

{¶ 16} What is necessary is notice. "[I]t is essential to the punishment of a person for contempt for the violation of a court order that he have notice of the order, either actual or by service of the same upon him." *Ullmer v. Ullmer*, 2d Dist. Montgomery No. 8715, 1984 WL 5377, *4 (July 13, 1984). *Accord Juhas v. Juhas*, 2d Dist. Montgomery No. 26186, 2014-Ohio-5364, ¶ 17 (saying that "[a] contempt finding * * * requires 'that the offending party had knowledge of the order' alleged to have been violated"), quoting *Polk v. Polk*, 2d Dist. Montgomery No. 24882, 2012-Ohio-2968, ¶ 10.

{¶ 17} It is undisputed here that none of the orders that Fansler is accused of disobeying were served on her consistent with Civ. R. 4.1 dealing with service of process. But the evidence shows, and Fansler does not dispute, that she had actual knowledge of all the orders. That is enough. Indeed even disobedience of a verbal order of a court, for which there is obviously no Civ. R. 4.1 service, is sufficient to support a criminal contempt. *See, e.g., City of Warren v. Satterlee*, 11th Dist. Trumbull No. 2005-T-0010, 2006-Ohio-1460 (violation of verbal orders that a defendant "stop interrupting" were sufficient to support contempt).

{¶ 18} The first assignment of error is overruled.

### B. The court as plaintiff, the judge as counsel

{¶ 19} The second assignment of error alleges that the trial court erred by allowing the Champaign County Common Pleas Court to be named as the plaintiff. And the third assignment of error alleges that the trial court erred by allowing Judge Selvaggio to sign

the complaint as the representative of the Champaign County Court of Common Pleas. Fansler contends that there is no statutory authority that allows the common pleas court to be named as the plaintiff in this action. She also contends that by signing the complaint Judge Selvaggio violated R.C. 2301.22, which provides that "[n]o judge of a court of common pleas shall act as attorney, counsel, or advocate for another in a county court," and engaged in the unauthorized practice of law.

{¶ 20} A contempt proceeding is not an "action." "An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense." R.C. 2307.01. But a contempt proceeding is a "special proceeding" the purpose of which " 'is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice.' " *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988), quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph two of the syllabus.

{¶ 21} An accusation of contempt under R.C. 2705.02 is governed by the procedure set forth in R.C. 2705.03, which pertinently provides that "a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel." The function of the written notice is similar to that of a complaint in an action—"to apprise the defendant of the charges against him so that he is able to prepare his defense," *City of Cincinnati v. Cincinnati Dist. Council 51, Am. Fedn. of State, Cty. & Mun. Emp., AFL-CIO*, 35 Ohio St.2d 197, 203, 299 N.E.2d 686 (1973).

{¶ 22} Here, Fansler was given the rights to which she was entitled in a plenary contempt proceeding—"the basic rights of an adversary proceeding, including the right to notice of the charges and an opportunity to present evidence to rebut them," *In re Davis*, 77 Ohio App.3d 257, 263, 602 N.E.2d 270 (2d Dist.1991). Fansler does not dispute that Judge Selvaggio filed a written notice of the contempt charges against her. And she does not dispute that she had an opportunity to be heard, to present evidence to rebut the charges.

{¶ 23} It is immaterial that the Champaign County Common Pleas Court is named as the plaintiff in this case or that Judge Selvaggio signed the written notice. Although the form of the written notice of contempt is that of a complaint in an action, its substance makes clear that a contempt proceeding is being initiated. We agree with the trial judge that "[r]egardless of the caption, it is clear that Judge Selvaggio initiated [a] contempt action to vindicate the interests of the public and the Champaign County Common Pleas Court, the nominal plaintiff in this matter. The caption could have read *In re: Jeanine Fansler*. It matters not." *Decision and Order*, 14 (Dec. 18, 2014). Judge Selvaggio was not representing the common pleas court as its attorney but rather notifying Fansler of the contempt charges against her.

{¶ 24} The second and third assignments of error are overruled.

### C. The contempt findings

{¶ 25} The fourth assignment of error alleges that the trial court erred by finding Fansler in contempt.

{¶ 26} "In reviewing a finding of contempt, an appellate court must determine whether the trial court abused its discretion." (Citation omitted.) *Polk v. Polk*, 188 Ohio

App.3d 809, 2010-Ohio-3355, 937 N.E.2d 124 (2d Dist.), at ¶ 86. As the Ohio Supreme Court has said, "[b]ecause we review the contempt order for an abuse of discretion—a highly deferential standard of review—we will not lightly substitute our interpretation for that of the issuing court." (Citations omitted.) *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 29. *See Denovchek*, 36 Ohio St.3d at 16, 520 N.E.2d 1362 (saying that "the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, [and therefore] great reliance should be placed upon the discretion of the [court]").

{¶ 27} R.C. 2705.02 provides that "[a] person guilty of any of the following acts may be punished as for a contempt: * * * [d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer." R.C. 2705.02(A). Here, the visiting judge found that Fansler disobeyed six of Judge Selvaggio's orders to produce transcripts and to produce her notes and the electronic records. Fansler does not deny that she failed to produce these items as ordered. Rather, she argues that she should not be held in contempt because she was following the court's policy, because the transcripts were done and delivered to the court before the court made its contempt finding, because the notes and records belonged to her as an independent contractor, and because she was an independent contractor who the judge did not have any power or control over.

{¶ 28} R.C. 2301.24 provides that "[t]he compensation of reporters for making written transcripts * * * shall be fixed by the court of common pleas of the county in which the trial is held." The Champaign County Common Pleas Court fixed the compensation of reporters for written transcripts requested after August 13, 2013, at $4 per page for indigent defendants and $5.25 per page for non-indigent defendants or civil cases.

Fansler was not entitled to $8 a page. A provision in the court's transcript policy provides that "[i]n civil and non-indigent criminal cases, the transcript fee shall be paid prior to preparing the transcript. The requesting party may obtain an estimate from the court reporter prior to the preparation of the transcript." *Journal Entry Establishing Transcript Policy*, 3 (Aug. 13, 2013). We agree with the visiting judge that when the court itself requests a transcript, payment before preparation is not necessary. Fansler points out that she produced the transcript requested in the *Pasko* case before the court made its finding of contempt. But she did not produce it until April 2014—over four months after the court requested it. And Fansler produced the transcript only because the plaintiff's attorney in the case paid her.

{¶ 29} Fansler contends that because she was an independent contractor, not an appointed court reporter, her notes and the electronic recordings belong to her. The visiting judge rejected this contention, citing R.C. 2301.20, which pertinently provides that "[t]he notes and electronic records [taken by the reporter] shall be filed in the office of the official reporter and carefully preserved." We agree.

{¶ 30} Lastly, Fansler contends that as an independent contractor Judge Selvaggio did not have the authority to order her to produce a transcript. She says that she was never officially appointed as a court reporter under R.C. 2301.18. Fansler also points out that she was living in California at the time and did not have what she needed to make transcripts. The trial court rejected these excuses, saying:

> Although the defendant was not designated the Common Pleas Court's
> Official Court Reporter, she surely understood that she might be called upon
> after her termination to transcribe records that she had recorded. Her move

to California did not relieve her of that responsibility. The reduction in compensation took place before she was required to provide the transcripts requested. She had no right to hold the litigants hostage to her intransigence. In short, the defendant used poor judgment in the manner in which she addressed the Common Pleas Court's concerns.

*Decision and Order*, 15 (Dec. 18, 2014). We agree.

{¶ 31} One who disobeys a lawful court order may be punished for contempt. R.C. 2705.02(A). There is little dispute that Fansler disobeyed Judge Selvaggio's orders. Fansler fails to show that any of those orders was unlawful. And she fails to establish a valid affirmative defense to her disobedience. We cannot say that any of the trial court's contempt findings is an abuse of discretion.

{¶ 32} The fourth assignment of error is overruled.

### III. Conclusion

{¶ 33} We have overruled each of the assignments of error presented. Therefore the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J., and WELBAUM, J., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Steven R. Fansler
Hon. James A. Brogan, sitting by assignment