[Cite as *In re A.O.*, 2014-Ohio-527.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

IN RE:                                                    :

                                                               :          Appellate Case Nos. 25807

                A.O.                                   :                            25996

                                                               :

                                                               :          Trial Court Case No. JC 2012-0307

                                                               :

                                                               :          (Civil Appeal from Montgomery

                                                               :           County Juvenile Court)

                                                               :

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of February, 2014.

. . . . . . . . . .

KATE L. BOWLING, Atty. Reg. #0084442, Bowling Law Office, L.L.C., 111 West First Street, Suite 518, Dayton, Ohio 45402
        Attorney for Appellant

P.J. CONBOY, II, Atty. Reg. #0070073, Staton, Fisher & Conboy LLP, 5613 Brandt Pike, Huber Heights, Ohio 45424
        Attorney for Appellee

JAMES A. ARMSTRONG, 131 North Ludlow Street, Suite 386 Talbott Tower, Dayton, Ohio 45402
        Guardian Ad Litem for A.O.

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Montgomery County Department of Job & Family Services

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}     This matter comes before us on two consolidated appeals. In Mont. App. No. 25807, L.S. ("Grandmother") appeals from the trial court's order directing Ohio law-enforcement authorities to assist in enforcement of a New Mexico judicial order for the pick-up and delivery of her minor grandchild, A.O., to the child's mother, appellee S.S. ("Mother"). In Mont. App. No. 25996, Grandmother appeals from the trial court's dismissal of her complaint for custody on jurisdictional grounds.

{¶ 2}     In her sole assignment of error in both appeals, Grandmother contends the trial court erred in determining that Ohio lacks jurisdiction over her complaint, which alleged that A.O. was neglected and dependent and sought custody of the child.

{¶ 3}     The record reflects that Mother gave birth to A.O. in California in May 2010. Sometime thereafter, Mother began living in New Mexico.[1] On or about December 26, 2011, Mother took A.O. to Oklahoma and left the child in the care of L.A.S., a personal friend. Mother then traveled to Arizona and California. Mother allegedly provided conflicting statements to L.A.S. regarding when she would return for the child. On or about January 3, 2012, L.A.S. contacted Grandmother in Ohio and explained that she no longer could care for the child. Grandmother flew to Oklahoma and retrieved A.O. She returned to Ohio with the child on January 11, 2012. Grandmother then filed her complaint below, alleging that A.O. was neglected and dependent. On January 12, 2012, Grandmother received an ex parte temporary custody order. On February 7, 2012, Mother filed a motion challenging the trial court's jurisdiction over the case. Following a hearing at which Mother and Grandmother appeared, a magistrate granted

---

[1] The timing and duration of Mother's residence in New Mexico, the central issue in this case, will be addressed more fully infra.

Grandmother interim temporary custody on February 13, 2012.

{¶ 4}    On April 19, 2012, the magistrate held a more comprehensive hearing on the jurisdictional dispute and Grandmother's request for an adjudication of neglect and dependency. Following the hearing, the magistrate filed a May 17, 2012 order finding that jurisdiction existed in Ohio. The magistrate also adjudicated the child neglected and dependent. In finding jurisdiction in Ohio, the magistrate noted the child's presence here and the evidence of neglect and dependency. The magistrate also specifically noted the absence of any pending custody proceedings in New Mexico. On January 8, 2013, the trial court denied a motion to set aside the magistrate's order.

{¶ 5}    Prior to a dispositional hearing, however, Mother sought and received an order from a New Mexico court granting her temporary custody of A.O. and ordering the child's return to that state. Upon learning of the New Mexico court action, the magistrate filed a March 5, 2013 order continuing proceedings on Grandmother's custody complaint so that "jurisdictional issues" could be resolved. Following telephone conference calls and additional review of the record by the magistrate and a New Mexico court commissioner, the magistrate and commissioner agreed that Ohio's courts lacked jurisdiction to proceed. The magistrate later memorialized this determination in a June 28, 2013 decision to which Grandmother objected. The New Mexico court issued a pick-up order, requiring the child to be turned over to Mother in Ohio. On June 27, 2013, the trial court ordered Ohio law-enforcement officials to assist in carrying out the New Mexico pick-up order. On November 5, 2013, the trial court also overruled Grandmother's objections to the magistrate's finding that Ohio's courts lacked jurisdiction and dismissed her complaint. As set forth above, Grandmother has appealed from the trial court's order for

enforcement of the New Mexico pick-up order and from the trial court's dismissal of her complaint for lack of jurisdiction.

{¶ 6} In her sole assignment of error, Grandmother claims "[t]he trial court erred in finding that Ohio does not have original and ongoing jurisdiction over this case." Grandmother contends the trial court initially held emergency jurisdiction pursuant to R.C. 3127.18(B) by virtue of A.O.'s presence here and her allegations of neglect and dependency. She further claims the trial court held original and continuing jurisdiction pursuant to R.C. 3127.15(A)(2) because no state was A.O.'s "home state" when she filed her complaint and other statutory requirements were met.

{¶ 7} For her part, Mother does not dispute that the trial court initially held emergency jurisdiction based on Grandmother's allegations of neglect and dependency and the child's presence here. Mother argues, however, that the trial court correctly found New Mexico to be A.O.'s "home state." Therefore, Mother maintains that only New Mexico has jurisdiction to make custody determinations.

{¶ 8} Although the parties' briefs address wide ranging issues—including Mother's fitness to have custody and A.O.'s well being—the threshold jurisdictional issue is narrow. The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as codified in R.C. Chapter 3127, "gives jurisdictional priority and exclusive continuing jurisdiction" to a child's "home state." *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶21. Under the act, "home state" is defined as "'the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * *.'" *Id.* at ¶31, quoting R.C. 3127.01(B)(7). In

*Rosen*, the Ohio Supreme Court interpreted "home state" to include any state "that was the home state within six months before the commencement of the child-custody proceeding." *Id.* at ¶41, citing R.C. 3127.15(A)(1).

{¶ 9} The issue in the present case is whether New Mexico was A.O.'s "home state" within the six-months preceding Grandmother's complaint in the trial court. If so, then New Mexico has exclusive home-state jurisdiction to make a custody determination. *Id.* at ¶44. In its November 5, 2013 decision and judgment, the trial court found that "the undisputed testimony indicates Mother lived in New Mexico with the child from December of 2010 to December 25, 2011," making New Mexico A.O.'s home state and conferring exclusive jurisdiction on New Mexico's courts.

{¶ 10} On appeal, Grandmother challenges the trial court's statement that "undisputed testimony" established Mother's (and A.O.'s) residence in New Mexico for the requisite six-month period. Grandmother contends Mother's friend, L.A.S., testified that Mother did not begin residing in New Mexico until sometime in July 2011. Grandmother further asserts that Mother's own testimony about places and dates of residence was inconsistent and not credible. In this regard, Grandmother stresses the magistrate's finding after the April 19, 2012 hearing that Mother's testimony lacked credibility.

{¶ 11} Upon review, we do not believe the trial court committed reversible error in determining that New Mexico has exclusive home-state jurisdiction over the parties' custody dispute. When reviewing Grandmother's objections, the trial court was not required to defer to the magistrate's earlier credibility determination. *In re A.M.*, 2d Dist. Greene No. 2009-CA-66, 2010-Ohio-948, ¶12-13. In conducting its independent review, the trial court was entitled to

examine the April 19, 2012 hearing transcript and reach its own conclusions regarding witness credibility. *Id.*

{¶ 12} We note too that the hearing transcript contains testimony to support the trial court's factual finding that Mother lived in New Mexico with A.O. from December 2010 to December 25, 2011. Mother specifically testified that she moved to New Mexico in December 2010. (Hearing Tr. at 32). She explained that she lived in a house in Taos, New Mexico from December 2010 until March 2011. (*Id.*). Later in her testimony, Mother stated that she had lived in her current New Mexico residence since October 2011. (*Id.* at 241). Prior to that, she claimed to have lived for three or four months in a different house in Taos, New Mexico, thereby indicating residence there as early as June 2011. (*Id.*). Mother added that she had done some "work trading" or house sitting in New Mexico even before that. (*Id.* at 241). Mother's testimony was corroborated to some extent with a copy of a March 8, 2011 lease agreement for a Taos, New Mexico residence and an unsigned copy of another rental agreement beginning on October 1, 2011. (*Id.* at Exh. 1).

{¶ 13} The only testimony arguably contradicting Mother's claims with regard to her residence came from L.A.S. We note, however, that L.A.S. testified about Mother "house sitting" in New Mexico before getting a place to live in Taos, New Mexico around July 2011. (*Id.* at 178). Specifically, L.A.S. recalled that "at some point [Mother] did some house sitting in New Mexico and had a house there; I believe in July of 2011, got a place to live in Taos." (Id.). This testimony reasonably may be read as an acknowledgment that Mother had been house sitting in New Mexico prior to July 2011, which is consistent with Mother's testimony that she was living in Taos in June 2011.

{¶ 14} L.A.S. also testified about visiting Mother in Oceanside, California in early May 2011. (*Id*. at 208). According to L.A.S., Mother was living in a van at that time. (*Id*.). For her part, Mother denied living in a van or being visited by L.A.S. in Oceanside in May 2011. (*Id*. at 241, 255). But even if Mother did live in Oceanside in early May 2011, that is not inconsistent with Mother's claim that she was living in Taos, New Mexico in June 2011. And if Mother and A.O. resided in New Mexico in June 2011—a finding that the record supports—then the evidence suggests they lived there for more than six months before Grandmother filed her Ohio custody complaint in January 2012.

{¶ 15} In any event, the trial court had discretion to credit Mother's testimony that she and A.O. began residing in New Mexico in December 2010. Although this testimony may not have been undisputed, it supports a finding that New Mexico was A.O.'s "home state" within the six months preceding Grandmother's January 2012 custody complaint. Therefore, New Mexico has exclusive home-state jurisdiction.

{¶ 16} Grandmother's assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . .


FAIN, J., concurs.

DONOVAN, J., concurs in judgment only.


Copies mailed to:

Kate L. Bowling
Patrick J. Conboy, II
James S. Armstrong
Mathias H. Heck, Jr.

Carley J. Ingram
Hon. Anthony Capizzi