[Cite as *State v. Casto*, 2016-Ohio-2958.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-79 |
| | : | |
| v. | : | T.C. NO. 14CR713 |
| | : | |
| GARRETT CASTO | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___13th___ day of _____May_____, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, 120 W. Second Street, Suite 1502, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Garrett Casto appeals from a judgment of the Clark County Court of Common Pleas, which found him guilty on his guilty plea of one count of gross sexual imposition and one count of disseminating matter harmful to juveniles, felonies of the third and fourth degree, respectively.   He was sentenced to community control for a period of five years,

to 180 days in jail, to complete the sex offender program at River City Correctional Center and all follow-up recommendations, to pay court costs, and to perform 500 hours of community service; he was also classified as a Tier II sex offender. On appeal, Casto argues that the imposition of jail time was contrary to law and unsupported by the record.

{¶ 2} The offenses for which Casto was charged occurred between April 2008 and April 2013. Casto was himself a minor during some of the period covered by the indictment; he was approximately seven years older than the victim. He was indicted as an adult in November 2014 and entered a guilty plea in February 2015. A presentence investigation and sex offender evaluation were conducted. Casto was sentenced in August 2015, as described above.

{¶ 3} On appeal, Casto argues that his jail sentence was excessive and contrary to law, and he urges this court to modify or vacate and remand the sentence, pursuant to R.C. 2953.08(G)(2) and *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.). Specifically, Casto claims that the trial court did not properly follow the statutory guidelines set forth in R.C. 2929.11 and R.C. 2929.12, that the punishment was "harsh," and that it conflicted with "expert" opinions referenced by the trial court suggesting that early intervention is of the greatest benefit to a sex offender.

{¶ 4} Casto did not seek a stay of his sentence in the trial court or in this court. His 180-day jail sentence was imposed on August 5, 2015. The State asserts in its brief that Casto entered jail on July 28, 2015, and was released on January 1, 2016, to attend the program at the River City Correctional Facility; Casto has not filed a reply brief refuting this assertion. "Generally, '[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot

when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' " *State v. Montavon,* 10th Dist. Franklin No. 12AP-631, 2013-Ohio-2009, ¶ 6, quoting *State v. Wilson,* 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus; *State v. Wright*, 2d Dist. Montgomery No. 26471, 2015-Ohio-3919, ¶ 24.

**{¶ 5}** In many situations, a person convicted of a felony is viewed as having a "substantial stake in the judgment of conviction" that survives satisfaction of the judgment, such that an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal. *Montavon* at ¶ 6, quoting *State v. Golston,* 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus. However, "the rationale underlying the *Golston* decision does not apply if an appeal solely challenges the *length* of a sentence rather than the underlying conviction. * * * 'If an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction.' " (Emphasis sic.) *Id.,* quoting *Columbus v. Duff,* 10th Dist. Franklin No. 04AP-901, 2005-Ohio-2299, ¶ 12; *Wright* at ¶ 25.

**{¶ 6}** Casto pled guilty to the offenses of which he was convicted and does not challenge his underlying conviction. He challenges only the appropriateness of a jail term, arguing that this was his "first" offense. (The trial court rejected this argument, stating that the "offense [came] out of several years of breaking the law.") Because Casto does not challenge the underlying conviction, did not seek a stay, and has served

his jail sentence, no relief for the alleged error is available on appeal.

 **{¶ 7}** Casto's appeal will be dismissed as moot.

. . . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Megan M. Farley
Kristin L. Arnold
Hon. Richard J. O'Neill