[Cite as *Anwar v. Anwar*, 2018-Ohio-417.]


IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY


| | | |
|---|---|---|
| MICHELLE ANWAR | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-39 |
| | : | |
| v. | : | Trial Court Case No. 14-DR-168 |
| | : | |
| SHADY ANWAR | : | (Civil Appeal from |
| | : | Domestic Relations Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of February, 2018.

. . . . . . . . . . .

DAVID M. MCNAMEE, Atty. Reg. No. 0068582, 2625 Commons Boulevard, Suite A, Beavercreek, Ohio 45431
        Attorney for Plaintiff-Appellee

JENNIFER E. MARIETTA, Atty. Reg. No. 0089642, 74 N. Orange Street, Suite 105, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** A Final Judgment and Decree of Divorce for Michelle and Shady Anwar was filed April 10, 2015. On November 23, 2015, Shady filed a Motion for Change of Child Support, and on December 24, 2015 Michelle filed a Motion for Contempt for failure to pay support as ordered. After a magistrate's hearing and objections, the trial court modified support effective November 23, 2015, found Shady in contempt, and ordered that he serve thirty days in jail. After Shady spent several hours in jail, his father made a support payment of $1,200, and the court ordered Shady to be released and scheduled further sentencing review for a later date. Shady appealed. We affirm.

## I. Course of Proceedings

**{¶ 2}** The April 10, 2015 Final Judgment and Decree of Divorce required Shady to pay child support of $615.22 per month. This amount was based on calculations of his income being $30,000, as reflected in his original affidavit of financial disclosure, although he later filed an amended financial disclosure with an attached 1099 form showing income of $25,352 from one of his employers. Shady did not appeal from the Final Judgment and Decree of Divorce. In his November 23, 2015 motion, Shady claimed his income was not steady and was less than had been provided to the court for the decree. Shady's support motion and the motion for contempt filed by Michelle were heard before a magistrate on February 8, 2016.

**{¶ 3}** Shady's affidavit of financial disclosure filed with his motion lists total income as $16,500 and base yearly wages as $14,500. Shady's hearing testimony was that he has his own corporate business as a truck driver. According to Shady, the corporate tax return for 2015 shows gross receipts of $56,414, and the corporation only paid him $6,360

for the year. He claimed his support should be based on his roughly $6,000 per year income. The magistrate determined that Shady was voluntarily underemployed and imputed income to him in the amount of $25,000 "consistent with his avowed earnings at the time of the final decree." The magistrate prepared a child-support worksheet including father's attributable income, mother's income, child care and health insurance, and other applicable adjustments. The magistrate ordered support, including service fees, of $529.60 per month and $50.00, plus processing fees, per month on the arrearage.

{¶ 4} Shady admitted at the hearing that he had not paid child support as ordered. He testified that he paid $2,237.80 in child support. The support ordered as of the filing of his motion for modification amounts to more than $5,000, and the total Shady actually paid for the entire 2015 year is $2,223.03. The magistrate determined that Michelle proved Shady had failed to pay support as ordered, that he had chosen to reduce his income by starting his own trucking company, and that he willfully had failed to pay support as ordered. The magistrate recommended a thirty-day jail sentence for contempt, suspended on the conditions that Shady be allowed to purge the contempt by paying support as ordered without missing for six months, paying Michelle's allowed attorney fees of $500 within ninety days, and maintaining current contact information with the Greene County Support Enforcement Agency. The trial court approved and adopted the terms of the magistrate's decision as its entry on the same day, subject to the filing of objections under Civ. R. 53.

{¶ 5} Shady filed a timely pro se objection claiming that the income he presented at the hearing is correct and accurate, that he moved to modify support because he cannot pay what had been ordered, and that the April 2016 order was an "injustice." With

leave of court, he filed a supplemental pro se objection on July 12, 2016. That filing is a narrative rendition about the financial information he has filed, his trucking business, and personal expenses and specified "hearing objections." Those "hearing objections" actually are explanations about his testimony, his truck payments, and business income and deductions. He concludes with a statement that he has never made the income imputed by the court in the last order and that he had paid what he could afford.

{¶ 6} On October 19, 2016, the trial court sustained Shady's objections in regard to income and child support but also found him "in contempt of court after admitting he has not paid as ordered." For modification of support, the trial court determined that Michelle had failed to prove that Shady had the ability to earn $25,000, as imputed by the magistrate, or that he voluntarily had left a higher-paying job. However, the court then went through a detailed analysis of the documentation Shady presented to evaluate his income. The trial court noted that his corporation's gross receipts for 2015 were $56,414. The trial court did not allow a little more than $3,100 of miscellaneous deductions because there was "no credible testimony or supporting documentation to prove the expenses," for such items as supplies, utilities, uniforms or office expenses, "were exclusively used for the * * * trucking business." The trial court also noted that it is not required to allow some of the deductions for federal income-tax reporting when calculating child support obligations. The trial court determined that ordinary and necessary business expenses for support purposes were $40,312. The court then entered receipts, expenses, and the differential marginal rate for SE taxes into a Child Support Computation Worksheet to arrive at a 2015 income of $15,200.29 for child support purposes. With other adjustments for Michelle's income, child care and health insurance, the resulting periodic support

amount, including the two-percent service fee, was $395.35 per month. The court made this amount its order for child support retroactive to November 23, 2015, the date of the filing of Shady's modification motion.

**{¶ 7}** The trial court's October 19, 2016 decision also determined that all other aspects of the previous decision and order remained unchanged. The court scheduled the contempt-of-court finding for sentencing on January 20, 2017. A hearing was held on that day. By entry filed January 27, 2017, the trial court determined that, as of December 31, 2016, there was a total support arrearage of $5,663.10, and that Shady had paid only $2,223.03 in 2015 and $2,621.31 in 2016. The trial court continued the contempt sentencing until April 20, 2017 and again ordered Shady to make "regular monthly payments." The trial court stated that it would "not listen to any more excuses." On April 24, 2017, Shady moved for a continuance, claiming an injury, and the court rescheduled the matter for June 22, 2017.

**{¶ 8}** The trial court's June 27, 2017 Entry Continuing Sentence Review reflects that at the June 22, 2017 hearing it determined that Shady "has failed to purge the contempt by making regular, monthly payments in the amount ordered." As a result, Shady was sent to jail to serve a thirty-day sentence. Several hours later, however, his father made a payment of $1,200 on the child-support arrearage. The trial court then released Shady that afternoon but ordered him to seek or participate in work activity and specifically ordered him to participate in the "Ohio Means Jobs" program. The trial court also scheduled a sentence review hearing for September 29, 2017.

**{¶ 9}** On July 10, 2017, Shady filed a Notice of Appeal of the "30 days sentence commitment along with the modification order that was entered on June 23, 2017."

Attached to the Notice of Appeal was a "Commitment" to 30 days in jail that was file-stamped on June 23, 2017, and the trial court's Entry Continuing Sentence filed June 27, 2017.

## II. Analysis of Assignments of Error

{¶ 10} The first of Shady's three assignments of error reads: "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF COURT, WHEN APPELLEE FAILED TO MEET HER BURDEN OF PROOF." Shady argues that because the trial court determined that Michelle "failed to meet her burden in showing that Appellant was voluntarily underemployed, or that his decrease in income had a negative impact on the minor child" it was unreasonable for the trial court to find him in contempt. In our opinion, this argument erroneously conflates two things: (1) the trial court's conclusion that Shady was not proven to be underemployed and (2) an alleged defense to the contempt finding, namely that Shady was unable to pay the ordered support.

{¶ 11} Shady relies on our decision in *Fischer v. Fischer*, 2d Dist. Clark No. 11-CA-81, 2012-Ohio-2102, for the proposition that the burden to show underemployment of one who is obligated to pay child support is upon the support recipient. Indeed, we said in *Fischer* that "[a] child support obligee who claims that the obligor is voluntarily underemployed has the burden of proof on that issue." *Id.* at ¶ 24. Shady argues that because the trial court determined that Michelle failed to prove that he was underemployed, he cannot be found in contempt for not paying support as ordered. We disagree. Underemployment and inability to pay may be related, but they are not co-extensive. The burden to prove underemployment relates to the determination of the

amount of support to be ordered or modified. Conversely, the party who failed to comply with a court order to pay support bears the burden of proving an inability to pay. *Pugh v. Pugh*, 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984); *Bostick v. Bostick*, 2d Dist. Champaign No. 2015-CA-13, 2016-Ohio-3354, ¶ 10.

{¶ 12} *Fischer* involved both a contempt proceeding and a motion to modify child support. Mr. Fischer had obtained a previous child support reduction which, when related back to the date of his previous motion, created an overage in his support account. His second motion for a modification was the result of his former position being eliminated and him becoming a photographer at substantially-reduced income. We determined that a further support reduction ordered by the trial court was not an abuse of discretion and, in that context, we held that the burden to prove Mr. Fischer was voluntarily underemployed was upon Mrs. Fischer. Support had been further reduced by the trial court, and that amount too was made retroactive. But with regard to the contempt portion of the proceeding, the trial court did not find Mr. Fischer in contempt because "the records of the child support enforcement agency showed 'that no arrears [were] owed[.]' " *Id.* at ¶ 6. Consequently, the denial of the contempt was not related to Mr. Fischer's alleged underemployment or inability to pay. He was not in contempt because he was not in arrears.

{¶ 13} In the case before us, it is undisputed that Shady admitted he had not paid support as ordered. "To support a finding of contempt, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order." (Citations omitted). *Polk v. Polk*, 2d Dist. Montgomery No. 24882, 2012-Ohio-2968, ¶ 10. Shady's

admission of failure to pay support as ordered is ordinarily sufficient to support a contempt finding. His defense, which we have indicated he has the burden to prove, is that he was unable to pay. At the time of the April 2015 decree, support was calculated on his income from figures he himself supplied. He did not appeal from the decree. He did not move for a modification of support until November 2015. In the meantime, he paid less than half of his obligation. Most importantly, the trial court determined that his income for 2015 for child-support purposes was $15,200.29. On these facts, which are supported by the record, the trial court found Shady in contempt. We review the trial court's decision whether to find a party in contempt under an abuse-of-discretion standard. *Jenkins v. Jenkins*, 2012-Ohio-4182, 975 N.E.2d 1060, ¶ 12 (2d Dist.). The record supports the contempt finding, and we see no abuse of discretion. The first assignment of error is overruled.

{¶ 14} We turn next to the second and third assignments of error, which we will consider together because they both deal with whether Shady purged the contempt to avoid a jail sentence. Those assignments read: "II. THE TRIAL COURT ABUSED ITS DISCRETION IN PROCEEDING WITH SENTENCING WITHOUT AN AUDIT REPORT FROM THE CHILD SUPPORT ENFORCEMENT AGENCY (CSEA) AND INSTEAD RELYING ON TESTIMONY FROM APPELLEE'S COUNSEL" and "III. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT FOR CONTEMPT, WHEN IT IGNORED OR PROHIBITED HIM FROM INTRODUCING EVIDENCE AS TO HIS INABILITY TO PAY, AND INSTEAD TREATED HIM AS IF HE WERE VOLUNTARILY UNDEREMPLOYED."

{¶ 15} When contempt sanctions are imposed to enforce compliance by coercive

means, then the contempt proceeding is civil. *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988). Punishment imposed for a finding of civil contempt must afford the contemnor an opportunity to purge himself of contempt. *Fry v. Fry*, 64 Ohio App.3d 519, 523, 582 N.E.2d 11 (3rd Dist.1989). "[A] court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court." *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 23. "[A] contemnor may have an additional appeal on the question whether the purge conditions have been met following execution of sentence on the failure to purge." *Id.*

{¶ 16} Here the record is unclear whether Shady had an opportunity to appeal the contempt determination before he was sent to jail on June 22, 2017, which was the subject of the trial court's entry of June 27, 2017 which is being appealed. Although the various court orders gave him opportunities to purge his contempt by paying support and seeking work, we note that the trial court's October 19, 2016 decision overruling objections and finding him in contempt did not impose a specific sentence and stated that "the contempt portion of this order is not appealable until after the sentencing portion of the contempt finding has been heard and a decision is filed." Thereafter, sentencing was continued several times until Shady was sent to jail on June 22, 2017 to serve a thirty-day sentence. But he was released almost immediately after an apparent partial-purge payment of $1,200. The appealed order requires Shady to seek work and states: "Defendant is ORDERED to make regular monthly payments in the amount ordered. In the event the Defendant does not pay as ordered, the Plaintiff is ORDERED to file a

Motion to Impose Sentence and the defendant will serve the remaining 29 days." A review was set for September, 22, 2017, but Shady filed his notice of appeal on July 10, 2017. On this record, we conclude that the trial court effectively imposed a thirty-day sentence but suspended the jail sentence on the purge conditions contained in the June 27, 2017 Entry.

{¶ 17} Upon review, we find that Shady has served one day of the jail sentence imposed and that there is no relief we now can afford to him in that regard. In a criminal case, when a defendant has served his sentence and only challenges whether the sentence was correct, there is no remedy that can be provided that would have any effect in the absence of a reversal of the underlying conviction. *State v. Casto*, 2d Dist. Clark No. 15-CA-79, 2016-Ohio-2958, ¶ 5. We apply the same reasoning here. We already have determined that the trial court was correct in its October 19, 2016 finding of contempt. There is no relief we can provide as to whether the trial court properly proceeded to find that Shady had failed to purge the contempt before having him spend several hours in jail. The remaining twenty-nine days will not be imposed unless or until he fails to comply with the purge conditions, which are matters for an appeal after a subsequent purge hearing and execution of the remaining sentence. Accordingly, we overrule the second and third assignments of error as moot.

{¶ 18} Based on the reasoning set forth above, the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

David M. McNamee
Jennifer E. Marietta
Hon. Steven L. Hurley