[Cite as *Bass v. Bass*, 2018-Ohio-2043.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RHONDA SMITH BASS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27832 |
| | : | |
| v. | : | Trial Court Case No. 10-DR-793 |
| | : | |
| MICHAEL C. BASS | : | (Domestic Relations Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of May, 2018.

. . . . . . . . . . .

DAVID M. MCNAMEE, Atty. Reg. No. 0068582, 2625 Commons Boulevard, Suite A, Beavercreek, Ohio 45431
    Attorney for Plaintiff-Appellee

JAY B. CARTER, Atty. Reg. No. 0041295, 11 W. First Street, Suite 519, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Michael C. Bass appeals from the trial court's judgment entry overruling his objections to a magistrate's decision, sustaining the appellee's objections, and resolving post-divorce issues concerning marital equity, contempt, and attorney fees.

**{¶ 2}** Michael advances two assignments of error.[1] First, he contends the trial court erred in sustaining appellee Rhonda Smith Bass' objections to the magistrate's decision finding her in civil contempt for failing to pay him his full share of marital equity. Second, he claims the trial court erred in failing to award him attorney fees in connection with the contempt issue.

**{¶ 3}** The record reflects that the parties divorced in September 2013. Among other things, the divorce decree obligated Rhonda to pay Michael roughly $59,000 for his share of equity in marital real estate and the value of the parties' vehicles. At the time of the divorce, Michael had filed for bankruptcy and the bankruptcy case was pending. The parties do not dispute that Rhonda paid the bankruptcy trustee at least $51,884.64 of the amount she owed Michael. As relevant here, Michael filed a motion in May 2016 seeking a hearing concerning Rhonda's alleged non-payment of the remaining amount and her failure to return a set of diamond cuff links. (Doc. #15). Michael subsequently moved for a show-cause order to hold Rhonda in contempt for, among other things, failing to pay him the remaining amount of his marital equity. (Doc. #29). These issues and others were addressed during a September 2016 hearing before a magistrate. Michael testified at the hearing that he had received a check for $51,884.64, that he had not received the remaining amount owed to him, and that he believed Rhonda was in possession of his

---

[1] For purposes of clarity, we will refer to the parties by their first names.

cuff links. As a result, Michael asked the magistrate to hold her in contempt and to award him attorney fees. Rhonda testified that she had no knowledge of the cuff links and that she did not have them. (Tr. at 14, 18). With regard to the marital equity, she testified that she had paid the bankruptcy trustee in the bankruptcy case the entire amount that she owed Michael. In fact, she testified that she paid $61,000 to the trustee and received a partial refund of $1000 from the trustee. She explained that she had received notice from the bankruptcy court and the trustee that she was required to pay Michael through the trustee. (*Id.* at 15-16, 19). Michael had testified "I don't know what she paid him, [the trustee]." (Tr. At 13).

{¶ 4} Following the hearing, the magistrate filed a July 6, 2017 decision holding Rhonda in civil contempt and awarding Michael attorney fees. In relevant part, the magistrate reasoned as follows:

> To the extent that Rhonda causes the bankruptcy trustee to transfer funds to Michael, she has met her obligation under the decree. However, in this case she has only partially done so and has not presented any evidence to show why the remainder of the funds have not been transferred, or directly met her obligation to pay Michael the remaining funds. Accordingly, Rhonda is in contempt of court for failure to pay Michael his share of the value in the motor vehicles. * * *

(Doc. #84 at 3).

{¶ 5} With regard to the cuff links, the magistrate found insufficient evidence to prove that Rhonda was in possession of them. (*Id.*).

{¶ 6} Rhonda and Michael both filed objections to the magistrate's decision. The

trial court overruled Michael's objections about the cuff links. As for the contempt finding, the trial court sustained Rhonda's objection, reasoning:

The issue becomes one of equity and credibility. Rhonda testified that she paid to the bankruptcy trustee an amount sufficient to cover the value of the real estate and vehicle equities. Michael testified that he received only a portion of the amount Rhonda paid to the trustee. The court finds that Michael made his prima facie case that Rhonda was ordered by the Final Judgment and Decree of Divorce to pay him $59,432.50 and that he was paid $51,884.64, leaving a balance owed of $7,805.86. The burden then shifted to Rhonda to prove that she had fully complied with the Final Judgment and Decree of Divorce.

Typically, the court recognizes the magistrate's unique position to assess the credibility of the witnesses, as he is able to study the witnesses and hear firsthand their voice as they testify. *Quick v. Kwiatkowski*, Montgomery App. No. 18620, 2001 Ohio 1498 (noting that a trial court may not defer to the magistrate in the exercise of its de novo review, but also recognizing that "the judgment of the magistrate on issues of credibility is, absent other evidence, the last word on the issue for all practical purposes"). Moreover, the magistrate is in a unique position to resolve conflicting evidence and to assess witness credibility. *Mandelbaum v. Mandelbaum*, Montgomery App. No. 21717, 2007 Ohio 6138, citing *MacConnell v. Nellis*, Montgomery App. No. 19924, 2004 Ohio 170.

However, in this case, Michael did not dispute that Rhonda paid the

bankruptcy trustee $61,000. The fact that Michael received a check for only $51,884.64 was not explained. His complaint was that Rhonda still owed him the money. The court finds Rhonda's testimony credible that she paid the full amount, plus some extra, to the bankruptcy trustee, as she was directed. Why Michael was not sent a check for the full $59,432.50 is an issue for Michael to discuss with the bankruptcy trustee. To hold Rhonda in contempt and require her, through her purge opportunity, to pay an additional $7,805.86, has the effect of making her pay that amount twice. This objection is well taken.

(Doc. # 110 at 6-7).

**{¶ 7}** In his first assignment of error, Michael contends the trial court erred in sustaining Rhonda's objection to the contempt finding. He asserts that the divorce decree obligated her to pay him his share of the marital equity. He contends Rhonda violated the order because he has received only $51,884.64 of the equity owed to him. With regard to Rhonda's claim that she already paid the bankruptcy trustee the full amount owed, Michael reasons that the trial court "usurped the Magistrate's role as factfinder on the issue of credibility" in believing her. Michael also cites a lack of "documentary evidence" to support Rhonda's testimony about making full payment to the trustee. Finally, Michael suggests that the trial court should have found Rhonda in contempt for retaining his cuff links.

**{¶ 8}** "We review the trial court's decision whether to find a party in contempt under an abuse-of-discretion standard." *Anwar v. Anwar*, 2d Dist. Greene No. 2017-CA-39, 2018-Ohio-417, ¶ 13. "In order to show a contempt, it is necessary to establish a valid

court order, knowledge of the order, and violation of it." *Arthur Young & Co. v. Kelly*, 68 Ohio App. 3d 287, 295, 588 N.E.2d 233 (10th Dist.1990).

{¶ 9} Here the divorce decree obligated Rhonda to pay Michael his share of the equity in marital assets. Rhonda testified that she made full payment of Michael's share of the equity to the bankruptcy trustee, as directed by the trustee and the bankruptcy court. The trial court found Rhonda's testimony credible and, therefore, declined to find her in contempt. We see no abuse of discretion in the trial court's ruling.

{¶ 10} We reject Michael's argument that the trial court usurped the magistrate's role as factfinder when it assessed Rhonda's credibility and elected to believe her. We do so for at least two reasons. First, the trial court's determination that Rhonda was credible does not conflict with the magistrate's decision. The magistrate never found that Rhonda did not make full payment to the trustee. Rather, the magistrate simply found that she had not "presented any evidence to show why the remainder of the funds [paid to the trustee] have not been transferred" to Michael. (Doc. #84 at 3). Second, the trial court was not required to defer to the magistrate's credibility determinations in any event. *In re A.O.*, 2d Dist. Montgomery Nos. 25807, 25996, 2014-Ohio-527, ¶ 11. In conducting its independent review, a trial court may examine the transcript of a hearing before a magistrate "and reach its own conclusions regarding witness credibility." *Id.*, citing *In re A.M.*, 2d Dist. Greene No. 2009-CA-66, 2010-Ohio-948, ¶ 12-13.

{¶ 11} In light of the trial court's decision to credit Rhonda's testimony, and regardless of her failure to present supporting documentary evidence,[2] we cannot say

---

[2] The magistrate and the trial court both noted Rhonda's failure to take advantage of a post-hearing opportunity to present supporting evidence to help explain the difference between what she paid the bankruptcy trustee and what Michael received from the

the trial court abused its discretion in declining to hold her in contempt. The trial court also was entitled to credit Rhonda's testimony that she knew nothing about Michael's cuff links and was not in possession of them. Therefore, the trial court did not abuse its discretion in declining to make a contempt finding on that issue either. Accordingly, the first assignment of error is overruled.

{¶ 12} In his second assignment of error, Michael contends the trial court erred in failing to award him attorney fees in connection with his contempt motion. This assignment of error necessarily fails given our determination that the trial court did not err in refusing to hold Rhonda in contempt. Absent a contempt finding, no basis existed for awarding Michael the requested fees. His second assignment of error is overruled.

{¶ 13} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

David M. McNamee
Jay B. Carter
Hon. Timothy D. Wood

---

trustee. (Doc. # 84 at 2; Doc. # 110 at 6). As the magistrate also observed, however, shortly after the hearing bankruptcy trustee Donald Harker filed an affidavit explaining what had occurred. Although neither the trial court nor the magistrate explicitly relied on the trustee's affidavit, we see no indication that they sustained Michael's motion to strike the affidavit either. In relevant part, the trustee averred that he was required to collect any money owed to Michael, that he received two checks from Rhonda and her counsel's law firm totaling $61,355.86, that he returned $1,665.36 to Rhonda as an overpayment, and finally that "[a]fter paying all claims in full, as well as administrative expenses, [he] mailed a check to Michael Bass * * * in the amount of $51,884.64." (Doc. #34). Although the trustee's affidavit appears to clarify what occurred below, we see no abuse of discretion in the trial court's ruling even if we do not consider the affidavit.